ALBERT PACK, RELATOR v. GIDEON F. BARTON ET AL.

*Statutes—Introduction of bills—Similarity of purpose.*

By the Constitution no new bill can be introduced after the first fifty days of the session.   Within the fifty days a bill was introduced to organize certain territory into the township of Montmorency.   After the fifty days the bill was so amended as to convert it into a bill to organize the same territory into the county of Montmorency, and in that form it was passed.   *Held*, that the act was not invalid as being in violation of the provision of the Constitution referred to.

The general purpose of the bill as introduced was to give to the inhabitants of certain territory the rights of local government; and any amendment, not departing from this general purpose, would be admissible at any time.   The amendment made did not depart from it, and was therefore not incompetent.

If it were simply a matter of doubt whether the act was passed in disregard of the constitutional provision, the act should be sustained.

Quo Warranto.   Submitted Jan. 10.   Decided Jan. 25.

Attorney General *Jacob J. Van Riper* and *Hanchett & Stark* for relator.   A constitutional prohibition against introducing bills after the expiration of a certain part of the legislative session, covers the introduction of any object not embraced in bills already introduced: *Ferguson v. Miners' Bank* 3 Sneed 627; the fact that an act was not introduced and passed in accordance with constitutional provisions may be proved for the purpose of showing that it is invalid: *People v. Mahaney* 13 Mich. 492; *Ryan v. Lynch* 68 Ill. 160; *Larrison v. Railroad Company* 77 Ill. 12; *Gardner*

*v. Collector* 6 Wal. 511; *Opinions of the Justices* 52 N. H. 622.

*C. A. Kent* for respondents. Changes in the object of a proposed statute from that indicated in the title do not necessarily conflict with the constitutional prohibition against introducing new bills after a certain stage: *State v. Buckley* 54 Ala. 599; *Harrison v. Gordy* 57 Ala. 49; *Loflin v. Watson* 32 Ark. 414.

COOLEY, J. This proceeding brings in question the constitutional validity of the act of the Legislature of 1881 for the organization of the county of Montmorency, of which the respondents assume to be supervisors. The objection to the act is that it was not introduced until after the expiration of fifty days of the session, though the Constitution provides that "No new bill shall be introduced into either house of the Legislature after the first fifty days of a session shall have expired." Art. 4, § 28, as amended in 1859–60.

The facts in the case are that within the fifty days a bill was introduced for the organization of the township of Montmorency, and that after the fifty days had expired this bill was so changed as to make it a bill for the organization of the county of Montmorency. The territory embraced in each bill was the same. The relator contends that the second was to all intents and purposes a new bill; the defendants insist that it was only the first bill amended.

It may be said of the two that they had in view the same general purpose; to give to the inhabitants of the territory described a distinct municipal government. The first contemplated a government of one grade; the second, one of another; but there was no departure in the second from the general intent of the first. Neither does any necessary inference arise that in the change made there was a purpose to evade the constitutional command. The question being one of organizing the inhabitants of a particular territory for the purposes of local government, the Legislature, on consideration of the scheme proposed, concluded to modify

it to the extent of conferring county powers where only township powers had been proposed.

To attempt on this record to indicate the limits of constitutional power in the amendment of bills previously introduced would be uncalled for and therefore unwarranted. It suffices to say that in this case, where the general purpose has been kept in view, and a design to circumvent or disregard the Constitution is not apparent, it cannot be held that the constitutional authority has been exceeded. No one disputes that whatever is within the proper scope of amendment is as much admissible after the fifty days as before, and this must embrace whatever is germane to the purpose which the bill had in view. And if in any case we doubt whether the Constitution has been disregarded, we must defer to the legislative judgment. *Sears v. Cottrell* 5 Mich. 251; *People v. Mahaney* 13 Mich. 483.

It is proper to mention, as not wholly unimportant in its bearing upon the purpose of the Legislature to keep its constitutional authority, that the territory organized into the county of Montmorency existed as an unorganized county by the same name before. As such it was attached to certain townships in Alpena county, and either bill proposed to detach it for independent municipal action.

The other Justices concurred.