JOHN TOLL v. EDWIN JEROME AND FRANKLIN JEROME.

*Constitutional law—Judicial circuits—Transfer of cause—Title of act—Introduction of bill.*

1. Act No. 208, Laws of 1893, which imposes upon the circuit judges of the sixteenth and thirty-first judicial circuits the duty respectively of holding the term or terms of court for the trial of such causes as the other judge may be disqualified or may be unable to try, and forbids the transfer of any cause from either of said circuits on account of the disqualification of the judge thereof, except it be shown that the judges of both of said circuits are disqualified from sitting in said cause, or that they refuse or are unable to sit therein, is not in conflict with any constitutional provision.[1]

2. A bill entitled " A bill to vacate the sixteenth judicial circuit, and to reorganize the thirty-first judicial circuit," was read a first and a second time by its title within the first 50 days of the session. After the expiration of said 50 days, the bill was referred to the judiciary committee, which reported it back to the Senate with a substitute therefor, entitled " A bill to require the judge of the sixteenth judicial circuit to hold the terms of court of the thirty-first judicial circuit in certain cases, and also to require the judge of the thirty-first judicial circuit to hold the terms of the sixteenth judicial circuit when the resident judge may be disqualified from acting on the trial, or whenever the expedition of the business of either of said circuits may necessitate additional assistance." And it is held:

   *a*—That the objection that the act is unconstitutional because not introduced within the first 50 days of the session is untenable; that a substitute is not a new bill, and may be offered after the lapse of the first 50 days of the session, if it is germane to the subject covered by the original bill; that the general purpose of this original bill was to provide for the holding of courts in the territory covered by the sixteenth and thirty-first judicial circuits; and, while the substitute provided

---

[1] See *In re Estate of Sanborn*, 96 Mich. 606, holding that the act does not apply to an application for a transfer which had been passed upon at the time of the passage of the act.

other means for the transaction of the business, it related to the same subject-matter.

*b*—That the object of said act is to provide for the holding of court for the trial of causes within certain defined territory, and the fact that this territory consists of two counties does not make the title double, within the meaning of the constitutional provision.

*c*—That the provision of section three of said act, that the cause shall remain in the court where the trial is provided for, is not only germane, but essential to the carrying into effect of the provisions for the trial of the cause in that court.

*d*—That there is no force in the objection that the act imposes upon certain circuit judges duties which are not imposed upon others, and is therefore class legislation, as the Constitution (article 6, § 11) in terms provides that the judges of the circuit courts may hold court for each other, and *shall* do so when required by law.

*Certiorari* to review proceedings before Seth W. Knight, circuit court commissioner, resulting in the transfer of a cause from Macomb to Wayne county for trial. Submitted on briefs June 28, 1894. Reversed July 10, 1894. The facts are stated in the opinion.

*James G. Tucker* and *Byron R. Erskine* (*H. W. Stevens*, of counsel), for plaintiff (petitioner in *certiorari*).

*Eldredge & Spier* (*A. L. Canfield* and *A. R. Avery*, of counsel), for defendants.

MONTGOMERY, J.    This is *certiorari* to a circuit court commissioner of Macomb county to review proceedings taken before him for a transfer of a cause pending in the Macomb circuit court to the circuit court for the county of Wayne for trial. It is not questioned that the showing for the transfer was sufficient to comply with the requirements of the general law relating to the transfer of causes in cases where the circuit judge is interested; but it is contended that, by Act No. 208, Laws of 1893, provision is made for the trial of causes in this circuit in case the judge is disqualified, and the transfer of causes to other

circuits prohibited. This is unquestionably true if the act in question is not unconstitutional.

The statute provides that when causes are pending in this circuit in which the judge shall be disqualified, "or whenever it may be necessary in order to expedite the business of such circuit, it shall be the duty of the judge of the thirty-first judicial circuit to hold the term or terms of court for the trial of such causes as the judge of the sixteenth judicial circuit may be disqualified or may be unable to try;" and section 3 of the act provides, in substance, that no cause shall be transferred or removed from said circuit on account of the disqualification of the judge thereof, unless it shall appear that the judge of the thirty-first judicial circuit is also disqualified, or that he refuses or is unable to sit in the sixteenth circuit.

It is contended that the act is unconstitutional:

*First.* Because not introduced within the first 50 days of the session.

*Second.* Because not read three times.

*Third.* Because it has more than one object, and the title is double.

*Fourth.* Because the third section, prohibiting the transfer of causes, is not germane to the title.

*Fifth.* Because it attempts to impose upon certain judges duties which are not required of all circuit judges.

*Sixth.* Because it attempts to prescribe a particular practice for two circuits not in common with or general to other judicial circuits.

1. It appears that the bill as originally introduced in the Senate was entitled "A bill to vacate the sixteenth judicial circuit, and to reorganize the thirty-first judicial circuit." This bill was read the first and second times by its title, and was laid on the table. This action was taken within the first 50 days of the session. On May 18, after the first 50 days of the session had expired, the bill was taken from the table, and referred to the committee on judiciary. On May 23 the committee reported the bill

back to the Senate, recommending the adoption of a substitute therefor, entitled—

"A bill to require the judge of the sixteenth judicial circuit to hold the terms of court of the thirty-first judicial circuit in certain cases, and also to require the judge of the thirty-first judicial circuit to hold the terms of the sixteenth judicial circuit when the resident judge may be disqualified from acting on the trial, or whenever the expedition of the business of either of said circuits may necessitate additional assistance."

We think the first objection urged against this act should not prevail. This Court have repeatedly held that a substitute is not a new bill, and that such substitute may be offered after the lapse of the first 50 days of the session, if it is germane to the subject covered by the first bill. The general purpose of the original bill was to provide for the holding of courts in the territory covered by the sixteenth and thirty-first judicial circuits. This is plainly evident from the title. The substitute provided other means for the transaction of the business, but still related to the same subject-matter. See *Pack v. Barton*, 47 Mich. 520; *Attorney General v. Amos*, 60 Id. 372; *Attorney General v. Rice*, 64 Id. 385; *Hart v. McElroy*, 72 Id. 446. Neither the case of *Sackrider v. Board of Supervisors*, 79 Mich. 59, nor *Attorney General v. Plank Road Co.*, 97 Id. 589, is in conflict with the earlier decisions. In *Sackrider v. Board of Supervisors* the bill which was offered as a substitute related to a subject in no way germane to that covered by the original bill, which was true also of the case of *Attorney General v. Plank Road Co.*

2. The suggestion that the bill was not read three times is answered by the foregoing cases, which indicate that it is entirely proper to substitute a new bill by way of amendment at any stage of the proceedings.

3. Nor do we think the act open to the objection that

the title is double. The object of the act is to provide for the holding of court for the trial of causes within certain defined territory, and the fact that this consists of two counties does not, we think, make the title "double," within the meaning of the constitutional provision.

4. The third section is germane to the title. The general object and purpose of this statute is clear. As before stated, it is to provide for the trial of causes within certain defined territory. A provision that the cause shall remain in the court where the trial is provided for is not only germane, but essential to the carrying into effect of the provisions for the trial of the cause in that court.

5. There is no force in the objection that the law imposes upon certain circuit judges duties which are not imposed upon others. The Constitution (article 6, § 11) in terms provides that the judges of the circuit courts may hold courts for each other, and shall do so when required by law. It is difficult to understand how language could be plainer. How. Stat. § 6462, requires that, when a judge is unable to discharge the duties of his office, the Governor may direct one of the judges of another circuit to fill his place. This provision has remained upon the statute books for many years, and its validity has never been questioned.

6. The criticism that the act is special legislation, in an obnoxious sense, is answered by the same constitutional provision above quoted.

We think the law is not in conflict with any constitutional provision, and should be held valid.

The order of the circuit court commissioner will be reversed, with costs.

The other Justices concurred.