*In re* BROMLEY'S ESTATE.

1. WILLS—UNDUE INFLUENCE—ATTORNEY AND CLIENT—PRESUMPTION.

> The presumption of undue influence arising from the fact that the husband of the principal beneficiary had acted as the attorney of the testatrix in some matters of business, though not in the drawing of the will, may be rebutted by showing that she made her will after receiving independent legal advice.

2. SAME—INSTRUCTIONS—BURDEN OF PROOF.

> A contestant of a will cannot complain on appeal that the jury were not instructed that the proponent had the burden of overcoming the presumption of undue influence, which arose from the confidential relationship existing between the testatrix and the beneficiary, where he failed to prefer such a request.

3. COURTS—PRESIDING JUDGE—CONSTITUTIONAL LAW.

> Act No. 152, Pub. Acts 1895, which authorizes the governor, when business has accumulated in any of the circuit courts of the State beyond the capacity of the local judge properly to dispose of it, to designate a judge of some other circuit to hold court in the former circuit temporarily, is valid under article 6, § 11, of the Constitution, providing that the circuit judges may hold courts for each other, and shall do so when required by law.

Error to Wayne; Aldrich, J., presiding. Submitted April 27, 1897. Decided May 25, 1897.

Nettie L. Donovan presented for probate the last will and testament of Lizzie M. Sherman Bromley, deceased, which was duly allowed, and George E. Bromley and others appealed to the circuit court. From a judgment for proponent, contestants bring error. Affirmed.

*J. Willard Babbitt* (*William B. Jackson*, of counsel), for appellants.

*Washington I. Robinson*, for appellee.

MONTGOMERY, J.   Decedent executed a will on the 24th day of December, 1889, making Nettie L. Donovan her residuary legatee.   She continued to live until the 30th of September, 1895, and for some years prior to the execution of her will, and after its execution until her death, lived with Mr. and Mrs. Donovan.   She was a teacher in the Cass school for many years, and was a single woman.   Judge Donovan, the husband of Nettie L. Donovan, had been her attorney in some matters of business.   The sole question raised on the trial was whether the will was procured by undue influence.   The circuit judge charged the jury as follows:

"Where a person devises his property to one who is acting at the time as his attorney, either in relation to the subject-matter of the making of the will, or generally, during that time, such devise is always carefully examined, and of itself raises a presumption of undue influence.   But this is by no means a conclusive presumption, but it is one that may be overcome by evidence; and it is not necessary that that evidence shall in all cases be a positive denial of parties who are personally acquainted with the facts, but it must be such evidence as will lead the jury to believe that no undue influence was exerted. And if such evidence be found from the facts and circumstances surrounding the making of this will as will lead you to believe that the will was made by the testatrix of her own free will, uninfluenced by any other person, then the fact that Joseph W. Donovan was her attorney would not in any way invalidate the will.   That should simply be taken into consideration, with all the other facts, to determine whether or not the will was, as a matter of fact, the will of the testatrix."

We think these instructions fairly embodied the law of the case.   While a bequest in favor of an attorney who draws a will is a circumstance arousing suspicion, and raises a presumption more or less strong that undue influence has been exerted, yet, as was very properly charged at the request of the contestants themselves, the presumption of the invalidity of a will made by a client to her attorney may be rebutted by showing that she made her will after receiving independent legal advice.   In the present

case the will was not drawn by Mr. Donovan, but was prepared in the handwriting of deceased herself, after conferring with Mr. Stellwagen. It is also true that the presumption of undue influence arising from a will being drafted by a beneficiary, or by one in confidential relations, may be overcome by showing that it was executed freely, and under circumstances which rebut the inference of undue influence; and, where the proof of execution is such as to convince the jury that the testator was not at that time under the control of the legatee, it is certainly not error to at least permit the jury to draw the inference in favor of the validity of the will from the circumstances. See· *Waddington* v. *Buzby,* 45 N. J. Eq. 173 (14 Am. St. Rep. 706);. *Post* v. *Mason,* 91 N. Y. 539 (43 Am. Rep. 689).

It is said that the court did not, in his charge, point out to the jury that the burden is upon Mrs. Donovan to rebut the presumption of undue influence. No request asking this distinct instruction was preferred by contestants' counsel, and for this reason the question is not open for consideration. Furthermore, we think the charge, as a whole, correctly indicated to the jury that the burden does rest upon the proponent to overcome the presumption that arises from the confidential relation.

One other question remains to be noticed. The case was tried before Judge Aldrich, under the authority of Act No. 152, Pub. Acts 1895, which provides that, when business is accumulated in any of the circuit courts of the State beyond the capacity of the judge or judges of such circuit to properly dispose of it, the governor may designate a judge of some other circuit to hold court temporarily. The contention is that there is no constitutional authority for this enactment. But section 11, art. 6, of the Constitution, provides, in terms, that judges of the circuit court may hold courts for each other, and shall do so when required by law. We think the statute, in so far as it authorizes the governor to designate a judge of another circuit to hold court in a circuit where the business has accumulated beyond the capacity of the judge or

judges of such court to properly dispose of it, is fully authorized by the provisions of this section of the Constitution. See *Toll* v. *Jerome,* 101 Mich. 468.

We find nó error in this record, and it will be affirmed.

The other Justices concurred.