*In re* BROWNE'S ESTATE.

1. WILLS—UNDUE INFLUENCE—ATTORNEY AND CLIENT—FIDUCIARY RELATION—PRESUMPTIONS.

In proceedings to contest a will on the sole ground of undue influence, a recitation in the will of testatrix that "I give, devise, and bequeath to my respected friend and attorney," was not such presumptive evidence of undue

influence arising from the fiducial relation between the parties as to require a directed verdict for contestant, a half sister from whom testatrix had been estranged, where there was evidence that in the making and preparation of the will testatrix had the benefit of independent legal advice, and said beneficiary was not present at its making and had no part in its preparation.

2. SAME—TRIAL—SCOPE OF INQUIRY.
An assignment of error that the court unduly restricted the scope of inquiry respecting the general relations of the parties, *held*, not sustained by the record.

3. SAME—REQUESTS TO CHARGE—ISSUE PRESENTED.
Refusal of requests to charge, *held*, not reversible error where the charge as given, though brief and concise, was comprehensive and gave the issue fairly to the jury.

Error to Antrim; Smith (Guy E.), J. presiding. Submitted February 1, 1922. (Docket No. 38.) Decided March 30, 1922.

William H. Richards presented for probate the last ·will of Emily Grace Browne, deceased. The will was allowed in· the probate court, and· Anna Bell Jones appealed to the circuit court. Judgment for proponent. Contestant brings error. Affirmed.

*Patchin & Duncan* and *J. J. Tweddle,* for appellant.

*Parm C. Gilbert* and *Clink & Williams,* for appellees.

CLARK, J. Testatrix and her husband had separated and proceedings for divorce had been instituted. By long continued litigation between her and her half sister, Anna Bell Jones, in respect of her father's will, there had been estrangement. Others suggested as objects of her bounty are Gertie Piefer, a cousin, and a then Mrs. Panosh, a nurse who had served testatrix a number of years. During the later months of testatrix's life, the nurse and an attending physician developed a mutual interest, resulting in their mar-

riage. The courtship caused, it is said, complaint by testatrix of inattention and neglect by the nurse. The nurse left the employment before the will in question was made.

Testatrix late in her life resided in Antrim county where she became friendly with Clayton L. Bailey, an attorney, and his family. She grew fond of them, went to and remained in his home. She made several wills which showed growing favor for Mr. Bailey and growing disfavor for the nurse. The last will was prepared by Thomas D. Meggison, an attorney of Central Lake, was witnessed by him and H. H. Bechtold, a banker. It named William H. Richards of Bellaire as executor, gave $5,000 to the cousin Gertie Piefer, bequeathed the sum of $5 to the half sister, reciting: "she having already received from me a large amount from the properties left to me by our father," set forth the trouble with her husband and directed that he was to receive nothing, gave to Mr. Bailey a legacy of $5,000, and bestowed upon him the residue of the estate. Unlike former wills nothing was left to the nurse. Mr. Bailey was not present at the making of the last will and it is said had no part in the preparation of it. The sole ground of contest was that of undue influence. There was a verdict and a judgment in favor of the will. Contestant, the half sister, has brought error.

It is said that the court erred in denying the motion to direct a verdict for contestant made at the conclusion of plaintiff's case on the ground, the will reciting, "I give, devise and bequeath to my respected friend and attorney, Clayton L. Bailey, the sum of Five Thousand Dollars, absolutely," that there was no evidence to overcome the presumption of undue influence arising from the fiducial relation between testatrix and Mr. Bailey, citing: *In re Bailey's Estate,* 186 Mich. 677; *In re McMaster's Estate,* 163 Mich. 210;

*Bush* v. *Delano,* 113 Mich. 321; *Conklin* v. *Conklin,* 165 Mich. 571; and other cases. There being evidence that, in the making and preparation of the last will, testatrix had the benefit of independent legal advice, the denial of the motion was not error. See *In re Bromley's Estate,* 113 Mich. 53.

Error is assigned upon certain rulings by which contestant was somewhat restricted in the scope of inquiry respecting the general relations of the parties. This was a proper subject of inquiry. *Page* v. *Beach,* 134 Mich. 51. A reading of 480 pages of record satisfies us that the court was liberal in permitting counsel to explore for information, and that the restrictions imposed were reasonable and do not constitute reversible error.

Counsel for contestant submitted a number of requests to charge. They were in the main excerpts or extracts from the reports. Probably it would not have been reversible error to have given those of the refusal of which complaint is made, though they may be somewhat argumentative. But we think it was not reversible error to refuse them, for the charge, though brief and concise, was comprehensive, and gave the issue fairly to the jury, whose province it was under all the evidence to determine the question. We have considered all the questions raised. No reversible error appears.

Judgment affirmed.

FELLOWS, C. J., and WIEST, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.