*In re* HASKELL'S ESTATE.

BATTLE CREEK COLLEGE *v.* SACRE.

1. WILLS—COMPETENCY.

In will contest, holding of trial court that testator was competent to make her will *held*, correct.

2. SAME—UNDUE INFLUENCE—BURDEN OF PROOF.

One alleging procurement of will through undue influence must prove that improper influence was exerted and that it had the effect of overcoming the will of testatrix.

3. SAME—UNDUE INFLUENCE—FIDUCIARIES—ATTORNEYS—PRESUMPTIONS.

Presumption that devise of property to one in such confidential and fiduciary relationship as an attorney was procured through undue influence is rebuttable and is rebutted where client, testatrix, receives independent legal advice.

4. SAME—UNDUE INFLUENCE—PRESUMPTIONS—REBUTTAL—BURDEN OF PROOF.

Presumption of undue influence in making will in favor of testatrix's attorney having been rebutted by competent evidence that testatrix had the opportunity of receiving and did receive independent legal advice, contestants then had duty of producing evidence to substantiate their claim.

5. EVIDENCE—PRESUMPTIONS—REBUTTAL—SUPPORT—WEIGHING EVIDENCE.

When evidence is introduced to rebut a rebuttable presumption and supporting evidence is also introduced, it then becomes a question of weighing the actual evidence introduced without giving any evidential force to the presumption.

6. WILLS—UNDUE INFLUENCE—PRESUMPTIONS—REBUTTAL—RECORD.

In contest of will, leaving testatrix's property to attorney who had performed services for her over a period of years, where

record shows an absence of testimony to sustain claim of undue influence, raised by presumption against which competent rebuttal testimony had been introduced, judgment for proponent *non obstante veredicto* should be entered.

BUTZEL, BUSHNELL, and CHANDLER, JJ., dissenting.

Appeal from Sanilac; Boomhower (Xenophon A.), J.   Submitted January 12, 1938.   (Docket No. 19, Calendar No. 39,782.)   Decided April 4, 1938.   Rehearing denied June 14, 1938.

Veno E. Sacre presented for probate the last will and testament of Elizabeth A. Haskell, deceased. Battle Creek College, Isabelle Colgrove and Laura Baird objected thereto.   From order denying probate of will, proponent appealed to circuit court.   Judgment for contestants.   Proponent appeals.   Reversed.

*Tilden M. Gallagher (Veno E. Sacre,* of counsel), for proponent.

*Ira A. Beck* and *Charles W. Rigney,* for contestant Battle Creek College.

*Robert W. McKenzie,* for contestants Colgrove and Baird.

SHARPE, J.   This is an appeal from the judgment of the circuit court for the contestants of the will of Elizabeth A. Haskell.   The principal facts are not in dispute.   The testatrix, an elderly unmarried woman, was survived by two brothers, a sister and others.   On November 18, 1920, Miss Haskell entered into an agreement whereby she contributed $75,000 to what was known as the "Race Betterment Foundation" of Battle Creek to be used in founding a health college and received in return its annuity

bond which provided for the payment of eight per cent. interest to the donor during the balance of her life. This contribution was later increased to $90,000. In October, 1928, testatrix made a will naming the Battle Creek College residuary beneficiary. Between the years 1929 and 1933, the Battle Creek College defaulted on its bond to testatrix to the extent of about $12,000 interest. In June, 1933, she retained Veno E. Sacre, an attorney of Detroit, Michigan, to recover the money due her on the bond. Between September, 1933, and March 27, 1936, the sum of $8,720 was paid by the Battle Creek College to testatrix. Subsequent to the employment of Mr. Sacre for the purpose above mentioned, Miss Haskell consulted him upon other matters and in time began to rely more and more upon his judgment in legal and financial matters.

On May 8, 1935, testatrix executed another will naming Mr. Sacre sole beneficiary. This will was drawn by Mr. J. N. McNally, an attorney who occupied an office adjoining that of Mr. Sacre. Mr. Sacre and Mr. McNally were not associated in the practice of law, each had a private office, but they shared a common waiting room.

On May 8, 1935, Mr. Sacre drove Miss Haskell from Bad Axe to Detroit, took her to Mr. McNally's office, and after introducing her to Mr. McNally, went into his private office and remained there until Miss Haskell was ready to leave. Miss Haskell talked with Mr. McNally in his private office for 20 or 30 minutes, after which the will was drawn in her presence and duly executed by her.

Testatrix died April 11, 1936, leaving an estate appraised at $3,202.76. The will was offered for probate and disallowed by the probate court of Sanilac county. An appeal was taken to the circuit court of

Sanilac county. The trial court held that testatrix was mentally competent to make the will, but submitted the question of undue influence to the jury which found against the will. In our opinion the trial judge was correct in holding that testatrix was competent to make her will.

It is the contention of the contestants that whether the presumption of undue influence which arose because of the fiduciary relationship between testatrix and the sole beneficiary had been rebutted by the testimony of attorney McNally was a question for the jury.

"In order to establish undue influence contestants must prove that improper influence was exerted and that it had the effect of overcoming the will of testatrix. *In re Spinner's Estate,* 248 Mich. 263. While there is a presumption of undue influence where a person devises property to one in such a confidential and fiduciary relationship as a priest, *In re Bromley's Estate,* 113 Mich. 53, yet it is a rebuttable one." *In re Cotcher's Estate,* 274 Mich. 154.

And in *Re Bromley's Estate,* 113 Mich. 53, this court said:

"While a bequest in favor of an attorney who draws a will is a circumstance arousing suspicion, and raises a presumption more or less strong that undue influence has been exerted, yet, as was very properly charged at the request of the contestants themselves, the presumption of the invalidity of a will made by a client to her attorney may be rebutted by showing that she made her will after receiving independent legal advice."

See, also, *In re Browne's Estate,* 217 Mich. 621.

The record affirmatively shows that at the time the will was made, the testatrix had the opportunity of receiving and did receive independent legal advice.

The presumption of undue influence was rebutted by the testimony of Mr. McNally, the attorney who drew the will.

The presumption of undue influence being rebutted by competent evidence, it then became the duty of contestants to produce evidence to substantiate their claim.

In *Gillette* v. *Michigan United Traction Co.*, 205 Mich. 410, the court said:

"It is now quite generally held by the courts that a rebuttable or *prima facie* presumption has no weight as evidence. It serves to establish a *prima facie* case, but if challenged by rebutting evidence, the presumption cannot be weighed against the evidence. Supporting evidence must be introduced, and it then becomes a question of weighing the actual evidence introduced, without giving any evidential force to the presumption itself."

See, also, *In re Cochrane's Estate*, 211 Mich. 370; *In re Fay's Estate*, 197 Mich. 675.

The record shows an absence of testimony to sustain the claim of undue influence. The motion *non obstante veredicto* should have been granted.

The judgment of the trial court is reversed and a judgment will be entered there for the proponent of the will. Appellant may recover costs.

WIEST, C. J., and POTTER, NORTH, and McALLISTER, JJ., concurred wtih SHARPE, J.

BUSHNELL, J. (*dissenting*). The judgment should be affirmed. At the time the will was drawn, testatrix was about 82 years of age. She evidently was wholly inexperienced in business matters, as is shown by her contract with proponent. She agreed to pay him a 50 per cent. contingent fee, in addition

to all expenses, for the collection of an account from the Battle Creek College, which in no way disputed the correctness of the account but merely asked for more time in which to pay it because of the financial conditions prevailing in 1932.

The confidential relationship of attorney and client existed between proponent and testatrix. A presumption of undue influence arises from the fact of this relationship, which presumption is founded on common experience. It is a presumption of fact, and its force and effect is for the jury, depending upon the circumstances of the particular case. *In re Mc-Master's Estate,* 163 Mich. 210. Notwithstanding this presumption, proponent did not see fit to take the witness stand. He claims, however, that the presumption was rebutted by a showing that testatrix obtained independent counsel.

While it is true that proponent did not draft the will, he took testatrix from Bad Axe, Michigan, to Detroit, a distance of over 100 miles, in order to have the will drawn by a lawyer who shared offices with proponent. This attorney and proponent had occupied joint offices for a period of seven years, having one outer door and two small offices, one for each of them. They used the same library and employed the same stenographer. Their names, a number of years ago, appeared in a State gazetteer as if they were partners, although the attorney testified that such publication was unknown to him and that he and proponent never were co-partners. No certificate of co-partnership was ever filed by them. This lawyer was unwilling to state that he had not previously discussed with proponent the drawing of a will for decedent. When the will was offered for probate in the probate court, he appeared as attorney for proponent and conducted the examination of wit-

nesses. Under these circumstances there was clearly a question for the jury and a verdict could not properly be directed for proponent. It cannot be said, as a matter of law, that there was a showing that independent legal advice was had. In the case of *In re Eldred's Estate,* 234 Mich. 131, the proponent, who was a physician of testatrix and held a power of attorney for her, recommended an attorney to draw the will, the attorney being a stranger to the testatrix. It was held that the presumption of undue influence was not rebutted and that proponent's motion for a directed verdict was properly denied by the trial court. In the case of *In re McMaster's Estate, supra,* the confidential agent recommended an attorney, procured the preparation of the will, was present when it was executed and acted as custodian until the death of testatrix. It was held that there was a question of undue influence for the jury. The fact that the draftsman was selected by proponent strengthens, instead of rebuts, the presumption of undue influence.

The cases cited by Mr. Justice SHARPE are distinguishable. In the case of *In re Cochrane's Estate,* 211 Mich. 370, the testator, not the proponent, selected the lawyer who drew the will. In *Re Bromley's Estate,* 113 Mich. 53, the question arose on the propriety of the charge to the jury and there was no question of directing a verdict for proponent. In *Re Fay's Estate,* 197 Mich. 675, no confidential relationship between the testator and proponent was involved. In *Re Browne's Estate,* 217 Mich. 621, the court held that when there was evidence of independent legal advice, it was not error to refuse to direct a verdict for contestant on the ground of presumption of undue influence. No question of directing a verdict for proponent was involved. In the

case of *In re Cotcher's Estate,* 274 Mich. 154, it was not shown that the proponent procured the execution of the will. The cases holding that a showing of independent legal advice rebuts the presumption of undue influence are distinguishable from the present fact situation in *Re Rosa's Estate,* 210 Mich. 628. In that case, the attorney who drew the will had previously been employed by proponent and was a stranger to the testatrix. It was held that the presumption was not rebutted and that there was a question for the jury.

Since the presumption of undue influence was not overcome by the testimony, the question became one for the jury to determine, and it was not error to refuse to direct a verdict for proponent.

Objection was made to the introduction in evidence of a letter written by testatrix. When undue influence is shown, statements of the deceased are admissible to show her state of mind. *In re Allen's Estate,* 230 Mich. 584.

The judgment should be affirmed, with costs to contestants.

Butzel and Chandler, JJ., concurred with Bushnell, J.