This is an appeal from the judgment of the circuit court for the contestants of the will of Elizabeth A. Haskell. The principal facts are not in dispute. The testatrix, an elderly unmarried woman, was survived by two brothers, a sister and others. On November 18, 1920, Miss Haskell entered into an agreement whereby she contributed $75,000 to what was known as the "Race Betterment Foundation" of Battle Creek to be used in founding a health college and received in return its annuity *Page 515 
bond which provided for the payment of eight per cent. interest to the donor during the balance of her life. This contribution was later increased to $90,000. In October, 1928, testatrix made a will naming the Battle Creek College residuary beneficiary. Between the years 1929 and 1933, the Battle Creek College defaulted on its bond to testatrix to the extent of about $12,000 interest. In June, 1933, she retained Veno E. Sacre, an attorney of Detroit, Michigan, to recover the money due her on the bond. Between September, 1933, and March 27, 1936, the sum of $8,720 was paid by the Battle Creek College to testatrix. Subsequent to the employment of Mr. Sacre for the purpose above mentioned, Miss Haskell consulted him upon other matters and in time began to rely more and more upon his judgment in legal and financial matters.
On May 8, 1935, testatrix executed another will naming Mr. Sacre sole beneficiary. This will was drawn by Mr. J.N. McNally, an attorney who occupied an office adjoining that of Mr. Sacre. Mr. Sacre and Mr. McNally were not associated in the practice of law, each had a private office, but they shared a common waiting room.
On May 8, 1935, Mr. Sacre drove Miss Haskell from Bad Axe to Detroit, took her to Mr. McNally's office, and after introducing her to Mr. McNally, went into his private office and remained there until Miss Haskell was ready to leave. Miss Haskell talked with Mr. McNally in his private office for 20 or 30 minutes, after which the will was drawn in her presence and duly executed by her.
Testatrix died April 11, 1936, leaving an estate appraised at $3,202.76. The will was offered for probate and disallowed by the probate court of Sanilac county. An appeal was taken to the circuit court of *Page 516 
Sanilac county. The trial court held that testatrix was mentally competent to make the will, but submitted the question of undue influence to the jury which found against the will. In our opinion the trial judge was correct in holding that testatrix was competent to make her will.
It is the contention of the contestants that whether the presumption of undue influence which arose because of the fiduciary relationship between testatrix and the sole beneficiary had been rebutted by the testimony of attorney McNally was a question for the jury.
"In order to establish undue influence contestants must prove that improper influence was exerted and that it had the effect of overcoming the will of testatrix. In re Spinner's Estate,248 Mich. 263. While there is a presumption of undue influence where a person devises property to one in such a confidential and fiduciary relationship as a priest, In re Bromley's Estate,113 Mich. 53, yet it is a rebuttable one." In re Cotcher'sEstate, 274 Mich. 154.
And in Re Bromley's Estate, 113 Mich. 53, this court said:
"While a bequest in favor of an attorney who draws a will is a circumstance arousing suspicion, and raises a presumption more or less strong that undue influence has been exerted, yet, as was very properly charged at the request of the contestants themselves, the presumption of the invalidity of a will made by a client to her attorney may be rebutted by showing that she made her will after receiving independent legal advice."
See, also, In re Browne's Estate, 217 Mich. 621.
The record affirmatively shows that at the time the will was made, the testatrix had the opportunity of receiving and did receive independent legal advice. *Page 517 
The presumption of undue influence was rebutted by the testimony of Mr. McNally, the attorney who drew the will.
The presumption of undue influence being rebutted by competent evidence, it then became the duty of contestants to produce evidence to substantiate their claim.
In Gillette v. Michigan United Traction Co., 205 Mich. 410, the court said:
"It is now quite generally held by the courts that a rebuttable or prima facie presumption has no weight as evidence. It serves to establish a prima facie case, but if challenged by rebutting evidence, the presumption cannot be weighed against the evidence. Supporting evidence must be introduced, and it then becomes a question of weighing the actual evidence introduced, without giving any evidential force to the presumption itself."
See, also, In re Cochrane's Estate, 211 Mich. 370; In reFay's Estate, 197 Mich. 675.
The record shows an absence of testimony to sustain the claim of undue influence. The motion non obstante veredicto should have been granted.
The judgment of the trial court is reversed and a judgment will be entered there for the proponent of the will. Appellant may recover costs.
WIEST, C.J., and POTTER, NORTH, and McALLISTER, JJ., concurred wtih SHARPE, J.