HACK v FOSTER

Docket No. 77-1344. Submitted January 9, 1979, at Detroit.—Decided
    March 20, 1979.

Helen Hack was knocked to the ground and allegedly injured
    when her dog, which she was walking, was attacked by a dog
    owned by Thomas Foster, Jr. Mrs. Hack and her husband
    Morton Hack brought an action for damages against Foster and
    his father Thomas Foster, Sr. The Hacks' case was based in
    large part on the fact that the Fosters' dog was unleashed, in
    violation of both the Detroit City Code and a state statute.
    Trial resulted in a judgment of no cause of action, Wayne
    Circuit Court, Thomas Roumell, J. Plaintiffs appeal, alleging
    that the trial court erred when it failed to read the state
    statute involved to the jury pursuant to plaintiffs' request and
    when it instructed the jury that the prima facie presumption of
    negligence which results from violation of the city ordinance
    has no weight as evidence. *Held:*

    1. The court's failure to read the statute upon timely request
    was error. This error was harmless, however, because in this
    case a city ordinance, which was read to the jury, provides by
    its terms that a violation is prima facie evidence of negligence.
    The legal effect of the ordinance violation, therefore, is the
    same as the violation of the statute.

    2. The instruction regarding the evidentiary effect of the
    presumption was erroneous. The presumption remains in evi-
    dence and the plaintiff will satisfy the burden of persuasion
    when the defendant fails to offer sufficient rebuttal evidence to
    overcome the presumption.

    Reversed and remanded.

1. NEGLIGENCE — EVIDENCE — VIOLATION OF STATUTE — VIOLATION
    OF ORDINANCE — PRESUMPTIONS.

    Violation of a penal statute in a negligence action is prima facie

REFERENCES FOR POINTS IN HEADNOTES
[1] 57 Am Jur 2d, Negligence §§ 245, 246.
[2] 57 Am Jur 2d, Negligence § 8.
    5 Am Jur 2d, Appeal and Error §§ 797, 806.
[3, 4] 57 Am Jur 2d, Negligence § 249.

evidence of negligence, creating a rebuttable presumption of negligence, but violation of an ordinance is merely evidence of negligence.

2. TRIAL — NEGLIGENCE — INSTRUCTIONS TO JURY — STATUTES — ORDINANCES — HARMLESS ERROR.

A trial court's failure to read a statute as part of its charge to the jury, upon proper request of the plaintiff, was error where the plaintiff grounded his case upon violation by the defendants of the statute and of a city ordinance; the error was harmless, however, where the court did read the ordinance to the jury and the ordinance, by its terms, provided that a violation is prima facie evidence of negligence, thus giving it the same effect as the statute (MCL 287.262; MSA 12.512, Detroit City Code § 7-2-3).

3. NEGLIGENCE — VIOLATION OF STATUTE — PRESUMPTIONS — REBUTTING PRESUMPTIONS.

A presumption of negligence, which arises from a defendant's violation of a penal statute, may be rebutted by a showing by the defendant of an adequate excuse under the facts and circumstances of the case.

4. NEGLIGENCE — EVIDENCE — PRESUMPTIONS — BURDEN OF PROOF — BURDEN OF PERSUASION.

The burden of proof does not shift to the defendant in a negligence action in which the plaintiff has the advantage of a presumption of negligence on the part of the defendant by virtue of the defendant's violation of a penal statute, but the plaintiff may satisfy the burden of persuasion by use of the presumption, which remains as substantive evidence, and the plaintiff will always satisfy the burden of persuasion when the defendant fails to offer sufficient rebuttal evidence.

*Rader, Eisenberg & Feldman, P.C.,* for plaintiffs.

*Arthur W. Mitchell,* for defendants.

Before: BRONSON, P.J., and R. M. MAHER and J. T. LETTS,* JJ.

PER CURIAM. Helen Hack and her husband brought this tort action to recover for damages

---

* Circuit judge, sitting on the Court of Appeals by assignment.

incurred as a result of an assault upon Mrs. Hack by defendants' dog. Plaintiffs alleged that while Mrs. Hack was walking her miniature schnauzer along Livernois in the city of Detroit, the schnauzer was attacked and killed by defendants' Doberman pinscher. During the affray Mrs. Hack was knocked to the ground, as a result of which she allegedly suffered an injury to her back. Defendants did not deny the attack on plaintiffs' dog by their dog, but denied liability for any damages on grounds that they were not negligent. Defendants claimed that their dog broke his leash while being exercised by Thomas Foster, Jr., and that the attack took place before Foster could regain control of his dog. From a jury verdict of no cause of action, plaintiffs appeal as of right.

Plaintiffs rested their case in large part on the fact that defendants' dog was unleashed, in violation of Detroit City Code, § 7-2-1, and MCL 287.262; MSA 12.512, and requested that the relevant portions of each be read to the jury as part of the court's charge to the jury. The court read the ordinance, but failed to read the statute. Plaintiffs claim that the trial court's failure to read the statute was prejudicial error because of the different legal effects of a violation of a statute and a violation of an ordinance: violation of a statute is prima facie evidence of negligence, creating a rebuttable presumption of negligence, while violation of an ordinance is merely evidence of negligence, *Zeni v Anderson,* 397 Mich 117; 243 NW2d 270 (1976).

We agree that it was error for the trial court to fail to read the statute upon timely request. In this case, however, the error was harmless, because § 7-2-3 of the ordinance, which was read to the jury, provides that a violation is prima facie

evidence of negligence, thus giving it the same effect as the statute.[1]

Plaintiffs also assign as error the instruction regarding the effect of rebutting evidence on the presumption of negligence raised by violation of the ordinance. After reading the ordinance, the court gave the following instruction:

"Now, the plaintiffs assert that violation of the city ordinance is prima facie evidence of negligence. However, *this prima facie presumption of negligence has no weight as evidence.* It may establish a prima facie case, but *if it is challenged by rebutting evidence, the presumption cannot be weighed against the evidence."* (Emphasis added.)

Plaintiffs' counsel timely objected to this instruction, protesting that it is not the law in Michigan. We are constrained to agree.

In *Zeni v Anderson, supra,* the Supreme Court discarded the prior rule that violation of a statute was negligence per se in favor of the rebuttable presumption rule, noting that it was the latter rule which was in fact most often applied in Michigan. The Court in *Zeni* articulated the rule thus:

"[T]he rule concerning the proper role of a penal statute in a civil action for damages is that violation of the statute which has been found to apply to a particular set of facts establishes only a prima facie case of negligence, *a presumption which may be rebutted by a showing on the part of the party violating the statute of an adequate excuse* under the facts and circumstances

---

[1] The parties did not address the question whether a local legislative body may elevate an ordinance to the evidentiary level of a statute merely by including a provision to that effect in the ordinance. Because of the peculiar circumstances presented, the question need not be decided in the case before us. We therefore express no opinion on the issue.

of the case." *Zeni v Anderson, supra,* 129-130. (Footnotes omitted. Emphasis added.)

This is the same rule which is incorporated into the Detroit ordinance by § 7-2-3.

The present state of the law in Michigan on rebuttable presumptions was reviewed and clarified in the recent case of *Kar v Hogan,* 399 Mich 529, 541-542; 251 NW2d 77 (1976):

"The thrust of the *Wood [In re Wood Estate,* 374 Mich 278; 132 NW2d 35; 5 ALR3d 1 (1965)] case was to change the law in this state concerning the effect that a presumption has *after* rebuttal evidence has been introduced. Prior to *Wood,* Michigan held to the "Thayer" or "bubble bursting" approach; that is, the presumption governed only the burden of going forward with evidence and the presumption was totally dissipated if rebuttal evidence was offered. See *In re Haskell's Estate,* 283 Mich 513; 278 NW 668 (1938). *Wood* rejected the "Thayer" approach and adopted the view that once rebuttal evidence was introduced, the presumption, originally a 'mandatory inference', was reduced to a 'permissible inference'. Unless the defendants' controverting evidence met the standard for a directed verdict, the presumption, as a 'permissible inference', was sufficient to get the case before the jury. *Wood, supra,* 290-291.

"If the trier of fact finds the evidence by the defendant as rebuttal to be equally opposed by the presumption, then the defendant has failed to discharge his duty of producing sufficient rebuttal evidence and the 'mandatory inference' remains unscathed. This does not mean that the ultimate burden of proof has shifted from plaintiff to defendant, but rather that plaintiff may satisfy the burden of persuasion with the use of the presumption, which remains as substantive evidence, and that the plaintiff will always satisfy the burden of persuasion when the defendant fails to offer sufficient rebuttal evidence."

The trial court's instruction in the case at bar utilized the now-discarded "bubble bursting" approach, thus preventing the jury from weighing the presumption against the rebutting evidence. The effect of the presumption arising from the violation of the ordinance and the statute was the crucial issue in the case, and the error in instructing on the law applicable thereto requires reversal.

We have considered plaintiffs' other claims of error and find them to be without merit.

Reversed and remanded for a new trial. Costs to abide the event.