# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* GERALD L. POLLACK TRUST.

---

LOREN POLLACK,

        Petitioner-Appellant,

and

LESLIE POLLACK,

        Petitioner,

v

RONALD M. BARRON and JP MORGAN
CHASE,

        Respondents-Appellees,

and

CHERYL POLLACK and JUSTIN POLLACK,

        Appellees,

and

LORI EPSTEIN, MICHAEL MCEVILLY, ALEX
KOCOVES, and LISA CHABEN,

        Interested Persons.

FOR PUBLICATION
January 29, 2015

No. 309796
Oakland Probate Court
LC No. 2010-328587-TV

---

*In re* Estate of GERALD L. POLLACK.

---

LOREN POLLACK and LESLIE POLLACK,

        Appellants,

-1-

v

RONALD M. BARRON, JP MORGAN CHASE, and CHERYL POLLACK,

Appellees,

and

LISA CHABEN, LORI POLLACK, a/k/a LORI EPSTEIN, and JUSTIN POLLACK,

Interested Persons.

No.   310844
Oakland Probate Court
LC No.   2009-324651-DE

---

*In re* GERALD L. POLLACK TRUST.

---

LOREN POLLACK and LESLIE POLLACK,

Petitioners-Appellants,

v

RONALD M. BARRON and JP MORGAN CHASE,

Respondents-Appellees,

and

CHERYL POLLACK and JUSTIN POLLACK,

Appellees,

and

LORI EPSTEIN, MICHAEL MCEVILLY, ALEX KOCOVES, and LISA CHABEN,

Interested Persons.

No.   310846
Oakland Probate Court
LC No.   2010-328587-TV

---

*In re* GERALD L. POLLACK TRUST.

LOREN POLLACK and LESLIE POLLACK,

      Petitioners-Appellants,

v

RONALD M. BARRON, Co-Trustee,

      Respondent-Appellee,

and

JP MORGAN CHASE,

      Respondent,

and

LORI EPSTEIN, CHERYL POLLACK,
MICHAEL MCEVILLY, ALEX KOCOVES,
LISA CHABEN, and JUSTIN POLLACK,

      Interested Persons.

No. 318883
Oakland Probate Court
LC No. 2010-328587-TV

Before: FORT HOOD, P.J., and HOEKSTRA and O'CONNELL, JJ.

O'CONNELL, J. (*dissenting*).

      I respectfully dissent.

      In my opinion, the trial court erred when it granted the motion for summary judgment on the petition to set aside the October Will because a question of fact existed regarding whether Ronald Barron exercised undue influence on Gerald Pollack. I would reverse the trial court's order granting the motion for summary disposition and admitting the October Will to probate. I would remand the balance of this case, and its related consolidated cases pending before this Court, for further proceedings consistent with this opinion.

## I. FACTS

      The majority opinion ably states the facts of this case. However, the following facts are particularly pertinent to this dissent. In the summer of 2008, Gerald Pollack was diagnosed with brain cancer. In September 2008, Ronald Barron, Gerald's good friend and legal counsel,

-3-

drafted the September Will and the September Trust. Apparently the September documents were five years in the planning stage. In very unusual circumstances, one month later, attorney Charles Nida was employed to draft the October Will and the October Trust. The parties dispute who hired Nida and why he was employed to draft a second will and trust.

Petitioners claim that the October documents differ significantly from the September documents. Pertinent to this appeal, petitioners allege that attorney Ronald Barron was involved in drafting these documents and that he benefitted significantly from them. Barron admits that the October Will is a "pour over" will that transferred Gerald's assets to the October Trust. This is significant because any resolution of the October Will issue has a synergetic effect on seven other cases pending in this Court. Needless to say, this has been a very protracted litigation.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Hackel v Macomb Co Comm*, 298 Mich App 311, 315; 826 NW2d 753 (2012). In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial. *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004). Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). A genuine issue of material fact exists when the record, viewed in a light favorable to the opposing party, leaves open an issue on which reasonable minds might differ. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

## III. ANALYSIS

The central issue in this case is whether the petitioners presented sufficient evidence to create a question of fact regarding whether there was a presumption of undue influence. I conclude that petitioners did present evidence on this element.

A party contesting a will has the burden to establish undue influence. MCL 700.3407(1)(c) and (d).

> To establish undue influence it must be shown that the grantor was subjected to threats, misrepresentation, undue flattery, fraud, or physical or moral coercion sufficient to overpower volition, destroy free agency, and impel the grantor to act against the grantor's inclination and free will. Motive, opportunity, or even ability to control, in the absence of affirmative evidence that it was exercised, is not sufficient.
>
> A presumption of undue influence arises upon the introduction of evidence that would establish (1) the existence of a confidential or fiduciary relationship between the grantor and a fiduciary, (2) the fiduciary, or an interest represented by the fiduciary, benefits from a transaction, and (3) the fiduciary had an opportunity to influence the grantor's decision in that transaction. [*In re Erickson Estate*, 202 Mich App 329, 331; 508 NW2d 181 (1993) (citation omitted).]

-4-

On appeal, petitioners contend that there was evidence establishing all three of the elements giving rise to a presumption of undue influence. The trial court agreed that petitioners had established the first element, the existence of a confidential or fiduciary relationship between the grantor and a fiduciary, and the third element, the fiduciary had an opportunity to influence the grantor's decision in that transaction. The parties do not dispute the trial court's findings on these elements. At issue in this case is the second element, the fiduciary, or an interest represented by the fiduciary, benefits from the transaction. The primary dispute is whether Barron benefited from the transaction.

Appointment of the scrivener as trustee "alone, without other factors" does not create a substantial benefit. *In re Vollbrecht Estate*, 26 Mich App 430, 436; 182 NW2d 609 (1970). The mere appointment of a fiduciary as executor of the will, or even trustee of a limited testamentary trust, does not alone establish the kind of benefit necessary to raise the presumption of undue influence. *Id*. The determination should be made in light of all the powers, privileges, and duties given the trustee and all the instruments concerned. *Id*. at 437.

In *Vollbrecht*, there was sufficient evidence for the jury to find a substantial personal benefit because there was evidence that the trustees of the charitable foundation have the power to amend the articles of incorporation, determine its activities, and fix their own fees. *Id*. Other factors might include "the nature and probable duration of the trust, the amount of property involved, the amount of fees which the trustee would receive, the discretionary powers of the trustee, and the fact that the lawyer-scrivener was the sole trustee." See *id*. at 436.

In this case, there is sufficient evidence of personal substantial benefit to Barron. First, Barron serves as a co-trustee of the trust. Second, the will authorizes Barron to collect compensation for his services. Third, the will authorizes Barron and the co-trustee to completely control Gerald's estate and his company, to the exclusion of Gerald's children. This power includes the right to vote Gerald's sixty percent of the stock in Gerald L. Pollack & Associates, Inc. (GLP), the main asset in the estate. It also includes the power to name himself a director or officer of the company, to designate a chief operating officer of the company, to pay himself a salary, and to select himself and his law firm as legal counsel for the company. Finally, Barron was the lawyer-scrivener who drafted the September Will and, viewing the record in a light most favorable to petitioners, he hired and provided Nida, who drafted the October Will.[1]

In my opinion, the record creates a factual question that was improperly resolved in a motion for summary disposition. The fact that Gerald was diagnosed with brain cancer in 2008,

---

[1] The similarity between the September Will and Trust and the October Will and Trust is not a mitigating factor in this case. That Barron, or his law firm, drafted the September Will and Trust is alone suspicious. It is well-established that if the attorney then benefits from the will or trust, a rebuttable presumption of undue influence or impropriety naturally arises. See *Donovan v Bromley*, 113 Mich 53, 54; 71 NW 523 (1897). Attorneys who draft estate documents, or direct the drafting of estate documents, must be careful to avoid impropriety. See MRPC 1.8(c). One wonders why the will and trust had to be redrafted a month after it was initially executed. Was it an attempt to distance the obvious?

that Barron drafted the September documents and, in essence, selected a new attorney to draft the October documents that clearly gave Barron substantial control, creates at the least a factual issue on the second element. Reasonable minds could differ concerning whether the duration of the trust, the amount of fees Barron receives, and his control over the business benefits him.

The trial court erred when it determined as a matter of law that sufficient evidence was not presented to give rise to the presumption of undue influence. Petitioners presented facts sufficient to create a question on the issue of undue influence and sustain their burden under MCL 700.3407(1)(c).

I would reverse the summary judgment decision of the trial court and remand for further proceedings consistent with this opinion. Because the balance of the issues raised in these appeals depend on the resolution of this issue, this Court cannot address them at this time.

/s/ Peter D. O'Connell