## In re TELLER'S ESTATE.

1. WILLS—OBJECTS OF BOUNTY—RELATIVES.
   Generally every person of full age and sound mind is at liberty, in making a will, to select the objects of his bounty among his relatives at discretion, or pass them all by, if he is so disposed.

2. SAME—UNDUE INFLUENCE—PROOF NECESSARY.

To establish undue influence in the execution of a will, those asserting it must prove that improper influence was exerted and that it had the effect of overcoming the will of testator.

3. SAME—INFLUENCE.

Some influence may properly be used to procure execution of a will and only when testator's will is overcome is the result invalid.

4. SAME—UNDUE INFLUENCE—OPPORTUNITY.

Undue influence in procurement of execution of a will may not be established by proof of opportunity alone.

5. SAME—UNDUE INFLUENCE—EVIDENCE—QUESTION FOR JURY.

Evidence showing that residuary legatee was testatrix' half brother-in-law, a person in whom she reposed confidence and who went with her when she went visiting, and so influenced her that she would not become reconciled with her only surviving sister; that no material change in a first will was made in drawing second will so far as residuary legatee was concerned; that testatrix was in good health up to date of her last sickness; that nearly four years elapsed from execution of will until her death at age 74; and that outside of her financial affairs she managed her own affairs and, when the will was executed, went alone to office of attorney who drew it, *held*, insufficient to present question of undue influence for consideration of jury.

6. EVIDENCE—UNDUE INFLUENCE—DECLARATIONS OF PRINCIPAL BENEFICIARY.

Declarations of proponent and principal beneficiary were not admissible to show he had exercised undue influence in procuring execution of will where there were several legatees although record shows that two legatees made no appearance in the case and five appear as contestants.

7. WILLS—FIDUCIARIES—PRESUMPTION OF UNDUE INFLUENCE—EVIDENCE.

Presumption of undue influence on part of principal beneficiary which might have arisen because he may have occupied a fiduciary relation with testatrix *held*, overcome by testimony of reputable attorney to whom she went when will was executed and from whom she had the benefit of legal and independent advice.

Appeal from Livingston; Collins (Joseph H.), J. Submitted February 7, 1939. (Docket No. 116, Calendar No. 40,293.) Decided March 9, 1939.

In the matter of the estate of Catherine E. Teller, deceased. John A. Teller presented for probate the last will and testament of deceased. Margaret Stelzer, Etta Wilson, and Nettie Hockstra filed objections thereto. From allowance of will to probate, contestants appealed to circuit court. Directed verdict and judgment for proponent. Contestants appeal. Affirmed.

*J. B. Munsell, Jr.,* for proponent.

*Shields & Smith* and *Frank C. Sibley* (*William A. McFawn,* of counsel), for contestants.

SHARPE, J. This is an appeal from a judgment entered on a directed verdict admitting for probate an instrument dated July 1, 1933, as the last will and testament of Catherine E. Teller, deceased.

The record shows that on December 23, 1931, deceased made a will under which John A. Teller, deceased's half brother-in-law and proponent in the case at bar, was given the largest bequest and also made the residuary legatee. Bequests were made to deceased's brother, Luther Greener, and her sister, Margaret Stelzer. Other bequests were made to two nieces and to three half sisters-in-law and Edward Teller, a half brother-in-law.

In December, 1932, deceased's brother Luther died; and on July 1, 1933, deceased went alone to the office of Don Van Winkle for the purpose of having another will drawn. The will now offered for probate is the will drawn on that occasion. The only essential difference between the two wills is that in

the latter will deceased omitted the name of her deceased brother Luther, omitted the name of her sister Margaret, and added a legatee, namely, Clarence Stelzer, a son of Margaret Stelzer. John Teller was continued as the sole residuary legatee and received the largest bequest. Deceased died on the 8th day of March, 1937, at the age of 74 years. Her will was admitted to probate on the 24th day of August, 1937.

An appeal was taken to the circuit court by Nettie Hockstra, a niece, Margaret Stelzer, sister of deceased, and Etta Wilson, niece. The grounds alleged in the appeal are as follows:

1. Said instrument was never signed and executed by said Catherine E. Teller as her last will and testament.

2. Said Catherine E. Teller at the time of the pretended execution of said instrument was not of sound mind and memory, and was incapable of making a will, and said instrument is not the last will and testament of said Catherine E. Teller.

3. That if the said alleged will dated July 1, 1933, was ever executed by the said Catherine E. Teller, the same was induced and procured by the undue influence, coercion, and control of John A. Teller, the beneficiary named in said will, and his confederates; and the same was not the free act and deed of the said Catherine E. Teller.

4. That the said Catherine E. Teller on the 1st day of July, 1933, and for some time previous thereto, and from thence until her decease, was of unsound mind and memory and incompetent to make a will, and the said pretended will was obtained from her by the undue influence, coercion, and control of the said John A. Teller, the beneficiary named in said will.

When the cause came on for trial and at the close of contestants' proofs, the proponent moved for a

directed verdict on the ground that no proof was
offered to establish that Catherine E. Teller was
mentally incompetent to execute the will at the time
she did so; or that the will was the product of undue
influence. The trial court granted the motion. Con-
testants appeal and contend that there was sufficient
evidence upon which to submit the case to the jury
on the question of undue influence on the part of
John A. Teller.

The evidence showed that testatrix reposed con-
fidence in John A. Teller in business affairs; that
John A. Teller was the principal legatee; that other
relatives received small legacies; that John A. Teller
so influenced testatrix that she would not become
reconciled with her only surviving sister; and that
he always accompanied testatrix when she went
visiting. We also have in mind that deceased was
under no legal obligation to leave any of her property
to any of the parties involved in this action; that the
first will was made within two months after her hus-
band's death; that no material change was made in
the second will insofar as John A. Teller is con-
cerned; that testatrix was in good health up to the
date of her last sickness; that nearly four years
elapsed from the execution of the last will until the
death of testatrix; and that outside of her financial
affairs she managed her own affairs and, when the
will was executed, went alone to the office of the
attorney who drew the will.

Contestants rely upon *Rivard v. Rivard,* 109 Mich.
98 (63 Am. St. Rep. 566), and *In re Jackson's Estate,*
220 Mich. 565, as authority for the proposition that
the question of undue influence was a question of
fact for a jury to decide. We have examined the
mentioned cases and find that the facts in the *Rivard
Case* are unlike those in the case at bar. It is author-

ity only for the general principle that, "Undue influence is not exercised openly." In the *Jackson Case, supra,* the court enumerated 10 elements which, taken collectively, authorized submission of the case to the jury. That case may be distinguished from the case at bar as, in the instant case, testatrix was strong physically and alert mentally, and made a will that largely represented her intention from two months after her husband's death until her death, a period of approximately six years.

The general rule is that every person of full age and sound mind is at liberty, in making a will, to select the objects of his bounty among his relatives at discretion, or pass them all by, if he is so disposed. The principle of law applicable in the case at bar is well stated in *Re Spinner's Estate,* 248 Mich. 263, where we held that in order to establish undue influence contestants must prove that improper influence was exerted, that it had the effect of overcoming the will of testator; and that some influence may properly be used. Only when the testator's will is overcome is the result invalid. *Schneider* v. *Vosburgh,* 143 Mich. 476. Undue influence may not be established by proof of opportunity alone. *In re Murray's Estate,* 219 Mich. 70. The facts in the case at bar do not warrant a finding that John Teller exercised any undue influence over testatrix. There was merely an opportunity to do so.

Contestants next contend that the trial court was in error in not permitting them to prove declarations of John A. Teller, proponent and principal beneficiary, to show undue influence.

In *O'Connor* v. *Madison,* 98 Mich. 183, we held that the rule admitting the declarations of a sole devisee as competent evidence to prove undue influence does not extend to cases where there are

several devisees or legatees, but contestants contend that the above rule does not apply to the instant case as John A. Teller is the only person that appears to be interested in sustaining the will. The record shows that two legatees made no appearance in the case and five of the legatees appear as contestants.

The rule in the *O'Connor Case, supra,* has been consistently followed by our court. See *In re Ganun's Estate,* 174 Mich. 286; *In re Spinner's Estate, supra; In re Lake's Estate,* 271 Mich. 675. The facts in the case at bar fall within the rule adopted in the above case. We see no reason for making any change in the rule. It is also claimed that there is a presumption of undue influence arising out of the fiduciary relationship between testatrix and the principal beneficiary, John A. Teller. The record affirmatively shows that when the will was executed the testatrix had the benefit of legal and independent advice from Don Van Winkle, a reputable attorney of Howell, Michigan. If there was any such presumption as claimed by contestants, it was overcome by the testimony of attorney Van Winkle. See *In re Haskell's Estate,* 283 Mich. 513.

The judgment of the trial court is affirmed, with costs to proponents.

BUTZEL, C. J., and WIEST, BUSHNELL, POTTER, CHANDLER, and McALLISTER, JJ., concurred. NORTH, J., took no part in this decision.