*In re* DELLOW'S ESTATE.

*ANDERSON v. WALTERS.*

1. TRIAL—CONDUCT OF COUNSEL—DISCRETION OF COURT.
   Because a printed record can never fully disclose the atmosphere of a trial and for other reasons, a trial judge has a wide discretion over the control of the conduct of counsel.

2. SAME—IMPROPRIETIES—DISCOURTESY OF COUNSEL.

Courts should not condone improprieties on the part of counsel during a trial, but neither should they set aside verdicts because of the discourtesy of counsel.

3. SAME—ENERGETIC COURT ROOM METHODS.

Use of energetic court room methods upon part of counsel on both sides who were lawyers of long standing at the bar *held*, not to have resulted in affecting jury's verdict to injury of plaintiff on appeal from probate court's denial of petition to set aside widow's election to take her statutory distributive share rather than under her late husband's will (3 Comp. Laws 1929, § 15564).

4. WILLS—WIDOW'S ELECTION—MENTAL COMPETENCY.

Fact that 83-year old widow was an unkempt, sickly person, reserved and disinclined to read and write, does not necessarily mean that she was incompetent to make an election to take under the statute rather than her late husband's will, for, if she was capable of reasoning and taking reasonable action, she was competent to make an election and neither the jury nor a court might substitute its views for hers (3 Comp. Laws 1929, § 15564).

5. SAME—WIDOW'S ELECTION—MENTAL COMPETENCY—INSTRUCTIONS.

Matter of elderly widow's competency to make an election to take under the statute rather than under her late husband's will *held*, not to have been given undue prominence in charge to jury on appeal from probate court's denial of motion to set election aside (3 Comp. Laws 1929, § 15564).

6. SAME—EVIDENCE—ADMISSIONS OF ONE LEGATEE NOT ADMISSIBLE AGAINST OTHER LEGATEES.

Devisees or legatees have not that joint interest in a will which will make the admissions of one admissible against the other legatees.

7. SAME—WIDOW'S ELECTION—MENTAL COMPETENCY—EXPERT'S TESTIMONY.

In suit to set aside elderly widow's election to take statutory distributive share rather than under late husband's will, if court was in error in striking from a doctor's deposition that widow impressed him "as being an elderly, senile lady," plaintiff was not prejudiced by such ruling where witness later testified without objection that "she [widow] was suffering from senile changes, which we would classify as senile dementia" (3 Comp. Laws 1929, § 15564).

8. SAME—WIDOW'S ELECTION—MENTAL COMPETENCY—EVIDENCE.

Various rulings excluding testimony of doctor into general history and background of disease of arteriosclerosis, claimed to have affected elderly widow at time she made her election to take statutory distributive share rather than under her late husband's will, *held*, not reversible error in light of testimony of other witnesses which sufficiently informed jury as to mental condition of widow at time she executed election to permit their determination as to her competency (3 Comp. Laws 1929, § 15564).

9. APPEAL AND ERROR—WIDOW'S ELECTION—VERDICT—EVIDENCE.

Record in suit to set aside elderly widow's election to take statutory distributive share rather than under will of her late husband *held*, to disclose a fair presentation of material facts and not to disclose sufficient reversible error to require setting aside judgment entered on jury's verdict sustaining election (3 Comp. Laws 1929, § 15564).

Appeal from St. Clair; Ferguson (Homer), J., presiding. Submitted June 15, 1939. (Docket No. 112, Calendar No. 40,611.) Decided September 5, 1939.

In the matter of the estate of John Dellow, deceased. Petition by Catherine Dellow, widow, to take statutory inheritance and waive provisions in will of deceased. Petition by Jessie G. Anderson to set aside widow's election. From order of probate court denying petition to set aside widow's election, Jessie G. Anderson appealed to circuit court. Verdict and judgment for defendant heirs. Plaintiff Jessie G. Anderson appeals. Affirmed.

*George C. Brown* and *Arch M. Black,* for plaintiff.

*David A. Fitzgibbon* and *Octavio Perez Guerra,* for defendants.

BUSHNELL, J. A directed verdict for defendants was set aside in a former appeal in this cause. See

*In re Dellow's Estate,* 286 Mich. 117. Catherine Dellow, on the day of her husband's funeral, executed a written election to take her statutory distributive share of the lands and personal property of her deceased husband rather than in accordance with his last will and testament. 3 Comp. Laws 1929, § 15564 (Stat. Ann. § 27.2664). Mrs. Dellow at the time was 83 years of age. The question raised is whether she had sufficient mental capacity to make and execute such widow's election.

On the second trial in the circuit court the jury sustained the widow's election by rendering a verdict of no cause of action. Petitioner, a niece of the deceased and a legatee under the will, appealed from the judgment entered upon the jury's verdict, claiming that the court erred in charging the jury and in ruling upon the admission and exclusion of certain testimony. Appellant also claims error as to the manner in which the court permitted David A. Fitzgibbon, one of the attorneys for defendants, to conduct his examination of witnesses.

Counsel on both sides were lawyers of long standing at the bar. Because of their energetic court room methods the trial judge was required to exercise considerable patience and forbearance, but it appears from the record that the claims of both sides of the controversy were thoroughly presented without appreciable damage to either in the eyes of the jury because of the conduct of Mr. Fitzgibbon. The cold language of a record can never fully disclose the atmosphere of a trial and for this and other reasons the law gives the trial judge a wide discretion over the control of the conduct of counsel. Persistence extended to vehemence is necessarily accompanied by irritability and acrimony in lengthy trials, especially of the nature presented in this record. Courts should not condone improprieties, but neither should

they set aside verdicts because of the discourtesy of counsel. As was said in *Peters* v. *Wurzburg,* 267 Mich. 45:

"We do not approve of quibbling and discourtesy in the trial of cases, but such action on the part of counsel or litigants usually produces its logical result. Neither juries nor judges are impressed or influenced by such conduct. Both parties were provided with unusually competent and aggressive lawyers. In several particulars their zeal almost resulted in a substitution of parties. The record, however, justifies the conclusion that the trial judge succeeded in keeping the proceedings on a fairly even keel."

This record does not justify the claim that the court permitted counsel "to ignore ordinary court conduct of attorneys and ride rough-shod over the rights of plaintiff" or that the claimed improper conduct "could not have failed to affect the jury to plaintiff's injury."

The fact that Mrs. Dellow was an unkempt, sickly person, reserved and disinclined to read and write, does not necessarily mean that she was incompetent to make an election to take under the statute. If she was capable of reasoning and taking reasonable action, she was competent to make an election, and the jury was properly instructed that, if such was the case, neither it nor the court might substitute its views for hers. The specific portion of the charge which appellant says is contrary to her theory of the case conforms to the facts presented and the law applicable thereto. Nor do we agree with appellant that this phase of the case was given undue prominence in the charge.

Appellant says the court erred in striking out the admissions of defendant Douglas as to her Aunt Kitty's actions on the morning she signed her

widow's election, citing *Shailer* v. *Bumstead,* 99 Mass. 112. The court's ruling that the testimony might stand as to this defendant is in accordance with the language of the authority cited, which says:

"Devisees or legatees have not that joint interest in the will which will make the admissions of one * * * admissible against the other legatees."

See, also, *O'Connor* v. *Madison,* 98 Mich. 183; *In re Estate of Lefevre,* 102 Mich. 568; *In re Ganun's Estate,* 174 Mich. 286, and *In re Teller's Estate,* 288 Mich. 193.

An objection by defendants to the testimony by Dr. Krupp in a deposition that Mrs. Dellow "impressed me as being an elderly senile lady" was sustained and the quoted words were stricken. Assuming only for the purposes of appellant's argument that the court was in error, plaintiff was not prejudiced by the ruling because the same witness said later, without objection being made, that "she was suffering from senile changes, which we would classify as senile dementia."

An objection was sustained to an answer to the question: "In what age does it (arteriosclerosis) come on?" Further inquiry was denied into the general history and background of the claimed disease. This and other rulings by the court resulted in the exclusion of testimony regarding the doctor's opinion as to Mrs. Dellow's capacity to transact business on the day in question and her mental ability to keep "in mind several pieces of real estate and their condition and exercise judgment concerning them" might well have been made differently, but the exclusion of such testimony from this witness was not reversible error in the light of the testimony of other witnesses. The jury was sufficiently informed as to the mental condition of Mrs. Dellow at the

time she executed her election to take under the statute to permit determination by them as to her competency.

The record discloses a fair presentation of material facts and is devoid of sufficient reversible error to require setting aside the judgment entered on the jury's verdict.

The judgment is affirmed, with costs to appellee.

BUTZEL, C. J., and WIEST, SHARPE, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.