*In re* JENNINGS' ESTATE.

MILLS *v.* LAKE.

1. TRUSTS—DEFINITION OF FIDUCIARY.
    A fiduciary relationship exists only when there is a reposing
    of faith, confidence and trust and the placing of reliance
    by one upon the judgment and advice of another.

2. WILLS—FIDUCIARIES—EVIDENCE—RELATIVES.
    · Fiduciary relationship *held*, not to have been established be-
    tween testator and his niece, the defendant, proponent of
    will and named sole beneficiary and executrix thereunder.

3. SAME—FIDUCIARIES—UNDUE INFLUENCE—REBUTTABLE PRESUMP-
    TION.   ·
    Presumption that fiduciary exercised undue influence upon
    testator in naming the fiduciary the sole beneficiary and
    executrix under his will is rebuttable.

4. EVIDENCE—REBUTTABLE PRESUMPTION.
    A rebuttable presumption establishes a prima facie case in
    the absence of testimony on the subject but has no weight
    as evidence.

5. WILLS—FIDUCIARIES—UNDUE INFLUENCE—PRESUMPTION—REBUT-
    TING EVIDENCE.
    Presumption that defendant niece, if a fiduciary, had exercised
    undue influence upon testator so as to cause him to name

REFERENCES FOR POINTS IN HEADNOTES

[3, 5] 57 Am Jur, Wills §§ 392, 437.
. [3, 5–11] Presumption and burden of proof as to undue influence
    on testator.  66 ALR 228.
[4] 20 Am Jur, Evidence §§ 157, 166.
[6] 57 Am Jur, Wills § 438.
[7] 57 Am Jur, Wills § 351.
[8] 57 Am Jur, Wills § 361.
[9] 57 Am Jur, Wills § 368.

her as his. sole beneficiary and executrix under his will was rebutted by testimony that testator consulted with the attorney who drew the will and was alone with the attorney while stating what provisions were to be incorporated into the will, the attorney read the will to testator and execution was later made before witnesses more intimately acquainted with testator than the attorney and there was ample reason why testator should favor defendant to the exclusion of plaintiffs.

6. SAME—UNDUE INFLUENCE—EVIDENCE—OPPORTUNITY.
Mere opportunity to exercise undue influence does not suffice to establish that such influence was exercised upon testator.

7. SAME—UNDUE INFLUENCE.
Influence, to be classified as undue, must place the testator in such a position that his free agency is destroyed, so that the will which results from his intelligent action speaks not the will of the testator himself but of someone else.

8. SAME—ADVICE—ARGUMENTS—PERSUASION.
Neither advice, arguments or persuasion will vitiate a will made freely from conviction even though such will might not have been made but for such advice or persuasion.

9. SAME—UNDUE INFLUENCE—FRAUD.
Undue influence is a species of fraud which, to prevent probate of a will, must be shown by representations of person, claimed to have exercised it, of material facts which testator relied upon, which influenced his disposition of his property.

10. SAME—DIRECT INFLUENCE.
Influences to induce testamentary disposition may be specific and direct without becoming undue, so long as the testator's choice is his own and not that of another.

11. SAME—UNDUE INFLUENCE.
Will of testator *held*, not to have resulted from undue influence on part of defendant niece, since it represented the free judgment and discretion of the testator in the disposition of his property.

Appeal from Oakland; Holland (H. Russel), J. Submitted June 10, 1952. (Docket No. 58, Calendar No. 45,268.) Decided December 9, 1952.

In the matter of the estate of William Jennings, deceased. Gertrude Lake presented the will of William Jennings for probate. Ella Mills and others objected thereto. Contest certified to circuit court. Judgment for plaintiff contestants. Defendant appeals. Reversed and remanded for entry of judgment sustaining will.

*Dudley & Patterson*, for plaintiffs.

*Kurth & Kurth* and *John Morth* (*Carroll C. Grigsby*, of counsel), for defendant.

Dethmers, J. This is a will contest, between nephews and nieces of the testator, tried, on certification from the probate court, by the circuit judge without a jury. Defendant, the proponent, appeals from a judgment which holds provisions of the will naming her sole beneficiary and executrix void because of undue influence allegedly exercised by her but which sustains the clause therein revoking former wills under which defendant had been a major beneficiary. On trial plaintiffs, the contestants, abandoned their claim of mental incompetency and relied solely on the claim of undue influence.

It is urged that because defendant for a number of years looked after testator's business and property, collecting rents, dividends and mortgage payments for him, and paying taxes, repair bills, et cetera, a fiduciary relationship existed between them, giving rise to a presumption of undue influence on defendant's part. We are mindful of the holdings in *Re McMaster's Estate*, 163 Mich 210; and *Scheibner* v. *Scheibner*, 220 Mich 115; and others of like import, which plaintiffs cite as authority for their claim of a fiduciary relationship here. At the same time, it is to be noted that in *Re Cottrell's Estate*, 235 Mich 627; and *In re Lacroix's Estate*, 265 Mich

59, it was held that the mere assisting with and conducting of testator's business affairs does not give rise to a fiduciary relationship. We think the term should be held to mean what the word "fiduciary" implies and that the relationship exists only when there is a reposing of faith, confidence and trust and the placing of reliance by one upon the judgment and advice of another. No such situation was established here.

Assuming that a fiduciary relationship existed, the resulting presumption would be rebuttable. We are cited to *Scheibner* v. *Scheibner, supra,* and other cases indicative of a rule that under the presumption the burden of proof on the subject of undue influence shifts from plaintiffs to defendant. The matter was clarified in *Hill* v. *Hairston,* 299 Mich 672, followed on this point in several subsequent decisions. We there held that there is no shifting of the burden of proof under the presumption; that, while it establishes a prima facie case in the absence of testimony on the subject, it has no weight as evidence, is rebuttable, and cannot be weighed against evidence. To the same effect is the earlier case of *In re Cochrane's Estate,* 211 Mich 370. The presumption was held to have been rebutted and overcome by a showing that the will had been executed after independent legal counsel in *Re Bromley's Estate,* 113 Mich 53; *In re Grow's Estate,* 299 Mich 133; and *In re Teller's Estate,* 288 Mich 193. In the instant case the presumption, if any, was rebutted by evidence that testator consulted with the attorney who drew the will and was alone with him while he stated the provisions he desired incorporated into his will; that after it was so drafted he had the attorney read the will and reread some of its paragraphs to him; that when the attorney gathered that testator was satisfied with the will he suggested that they proceed with its execution, but that testator objected, stating that

he anticipated that some of his relatives might contest the will and, therefore, he desired to sign it in the presence of witnesses more intimately acquainted with him; that, accordingly, he took the will to his home town banker and executed it there before officials of the bank with whom he was acquainted and whom he asked to sign as attesting witnesses; and, finally, by facts disclosing past relationships affording testator ample reasons for favoring defendant to the exclusion of plaintiffs.

In support of its finding of undue influence the trial court pointed, as do plaintiffs, to testimony to the effect that when testator made his will in 1946, 2 years prior to his death, he was 89 years old, suffered from deafness and poor vision, and acted dull; that, at a time not disclosed in the record, he told his housekeeper in defendant's presence that the latter wanted him to turn his property over to her so that she could better care for him and the property, that he was afraid she was going to get all his property away from him and that he should provide for his other nieces and nephews also; that testator did turn over a considerable amount of his property to defendant in his lifetime; that during the last 6 years of testator's life defendant visited him frequently, looked after his affairs, as previously stated, hired housekeepers for him, had access to and often opened his safety deposit box, drew money out of his bank account after it had been made joint; that she frequently accompanied testator to his lawyer's office when he executed wills and deeds benefiting her, that on such occasions she discussed matters with his lawyer and once furnished the lawyer with a memo containing provisions for testator's will; that on 2 different occasions in said lawyer's office when the latter asked why testator was giving so much to defendant she answered, in testator's hearing, that she was the only one of the relatives who cared or did anything.

for testator and that the others would not even attend his funeral, and that on 1 occasion she made a similar statement in the presence of testator and his housekeeper; that during testator's last illness, a considerable time after the execution of his last will, defendant discouraged relatives and others from visiting testator.

On the other hand, it was shown that testator had executed 6 previous wills during the period from 1937 to 1945, in all of which he had preferred defendant over plaintiffs; that in the first 2 of those wills he had also made provisions for 2 brothers, but that, upon their deaths, by subsequent wills he increased his gifts both to defendant and to plaintiffs; that on the very 2 occasions when defendant is supposed to have made derogatory remarks about his other relatives to testator in the lawyer's office the testator, nonetheless, executed wills providing for plaintiffs as generously and for defendant no more generously than he had in his next previous will; that in the 1937 and 1941 wills, executed before plaintiffs claim defendant was attentive to testator or exercised any undue influence over him, the testator was already favoring defendant considerably over plaintiffs; that defendant was the only one of the relatives who did anything for testator or paid any appreciable attention to him; that 1 of the plaintiffs was for long a prison inmate and another, who lived near testator, seldom visited or saw him; that while defendant paid back a loan from testator, 1 of the plaintiffs borrowed $2,000 from him and never paid it back; that defendant denied keeping relatives from testator during his last illness, but that, at all events, the time thereof was 2 years after the execution of the contested will; that the attorney who prepared testator's earlier wills and who testified concerning defendant's having made derogatory remarks about testator's relatives, represented the plaintiffs in this matter before the

probate court; that the attorney who prepared the last will and the 2 witnesses thereto testified that testator was mentally sound and knew full well what he was doing and what he wanted to do when he executed his last will; that his last will was drafted at his direction, read to him and executed in the manner hereinbefore stated; that defendant lived a distance of 28 miles from testator's home, called on him only occasionally and, as appears from exhibits in the record, handled business affairs for testator from time to time at his written request contained in letters which he sent to her.

The question of what constitutes undue influence has been considered by this Court on numerous occasions. Attention is directed to such cases as *In re Grow's Estate, supra; In re Hoffman's Estate,* 300 Mich 406; *In re Hannan's Estate,* 315 Mich 102; *In re Kramer's Estate,* 324 Mich 626; *In re Johnson's Estate,* 326 Mich 310. No purpose would be served by lengthy quotations therefrom, but they may be read with profit in this connection. They hold in substance that mere opportunity, as in the instant case, does not suffice to establish undue influence; that influence, to be classified as undue, must place a testator in such a position that his free agency is destroyed, so that the will which results from his intelligent action speaks not the will of the testator himself but of someone else; that neither advice, arguments or persuasion will vitiate a will made freely from conviction even though such will might not have been made but for such advice or persuasion; that undue influence is a species of fraud and that to prevent probate of a will on the grounds of defendant's fraud it must be shown that defendant misrepresented material facts and that testator relied upon and was influenced thereby in disposing of his property; that influences to induce testamentary disposition may be specific and direct without be-

coming undue as it is not improper to advise, persuade, solicit, importune, entreat, implore, move hopes, fears, or prejudices or to make appeals to vanity, pride, sense of justice, obligations of duty, ties of friendship, affection, or kindred, sentiment of gratitude or to pity for distress and destitution, although such will would not have been made but for such influence, so long as the testator's choice is his own and not that of another; that influence, to avoid a will, must be such as prevented testator from doing as he pleased with his property. Applying these tests, we find nothing in the record. to establish that the will in question was the result of undue influence on defendant's part or that it did not represent the free judgment and discretion of testator in the disposition of his property.

The judgment of the circuit court is reversed without new trial. See *In re Vallender's Estate,* 310 Mich 359, and *In re Shattuck's Estate,* 324 Mich 568. The case is remanded for entry of judgment for defendant sustaining the will in its entirety and for remand thereafter to the probate court with directions to admit the will to probate. Costs of both courts to defendant.

Butzel, Carr, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred.

The late Chief Justice North did not sit.