BEECHLER *v.* BYERLY.

1. VENDOR AND PURCHASER—VENDEE CANNOT SURRENDER VENDOR'S
RIGHTS.

> A vendee under a land contract cannot surrender any rights of
> his vendor.

2. LICENSES—TRANSFER OF PROPERTY—ADVERSE USER.

> Upon the transfer of property previously subjected to permis-
> sive use under a license, the continued use thereafter would
> be adverse.

3. EASEMENT—CONCLUSIVE PRESUMPTION OF GRANT—BURDEN OF
PROOF OF PERMISSIVE USE.

> Open, notorious, continuous and adverse use across land of
> another to a public road for more than 20 years affords a
> conclusive presumption of a written grant of such way and
> when the passageway has been used for half a century it is
> unnecessary to show by positive testimony that the use was
> claimed as a matter of right, the burden of showing that the
> use was only permissive being on the owner of the servient
> property.

4. SAME—COMMON STAIRWAY—60-YEARS' USE—BURDEN OF SHOW-
ING ONLY PERMISSIVE USE.

> Undisputed facts showing use by plaintiff and predecessors
> of stairway as sole means of reaching second floor of their
> buildings which shared occupancy of city lot with approxi-
> mately half of stairway on each party's land maintained for
> about 60 years placed burden upon defendant who sought
> to remove the stairway of showing the use hitherto enjoyed
> was permissive only.

Appeal from Clinton; Searl (Kelly S.), J. Sub-
mitted April 15, 1942. (Docket No. 96, Calendar
No. 41,928.) Decided June 10, 1942. Rehearing
denied September 8, 1942.

Bill by C. R. Beechler and wife against J. A. By-
erly and William Watson for an injunction restrain-
ing the removal of a stairway. Decree for defend-
ants. Plaintiff appeals. Reversed.

*Edward W. Fehling*, for plaintiffs.

*George G. Hunter*, for defendants

Chandler, C. J. The plaintiffs herein and defendant Byerly are owners of adjoining property and buildings in the business section of St. Johns. Plaintiffs seek to enjoin defendant Byerly, who hired defendant Watson, who hereafter need not be mentioned, from removing the inside stairway existing between the property owned by the parties and leading to the second floor of both buildings. This is the only means of reaching the second floor of plaintiffs' building from Clinton Street, the main street of the city.

Although plaintiffs are the title owners of the north one-half of the lot which is 50 feet and 1 inch wide, while defendant Byerly is the owner of the south half, plaintiffs' building extends only 23½ feet, while defendant's building occupies the remaining 26 feet 7 inches and includes that portion of the building in which the stairway is located. This was made possible by the fact that the building which the plaintiffs own was built first, and was deliberately less than the full lot line so that an outside stairway, which was the only access to the second floor, and which approximate position is now occupied by the present stairway, should not encroach on the south lot. Thereafter, but sometime before 1881, the building owned by defendant was built. The outside stairway was torn down and defendant's building uses plaintiffs' south wall as a party wall, thus encroaching on plaintiffs' property, but, as previously stated, the inside stairway is built there so that approximately half is on the property of each party, and it leads to the second floor of both buildings.

The exact date of the erection of defendant's building is not known, but it is agreed that it was built before 1881. Further, there is no evidence of any agreement between the original owners in regard to the party wall and the stairway. There is testimony of spasmodic use of the stairway by tenants of plaintiffs' building up until 1919, but most of the persons with knowledge of the circumstances were deceased at the time of the hearing. The testimony which is undisputed, as regarding the respective age of the buildings and the outside stairway, was elicited from several octogenarians who did not remember much else with reference to said buildings.

However, in 1919, Smith, a vendee on a land contract, occupied plaintiffs' building and did ask permission of the owner of defendant's building to use the stairway as a fire exit from the balcony of the movie house he constructed out of the building. This vendee assigned his contract within a year, and in accordance with our decisions his statements are not binding on the vendor and subsequent purchasers of the vendor, as a vendee under a land contract cannot surrender any rights of his vendor. *Casey* v. *Goetzen*, 240 Mich. 41. Smith further testified that his assignee continued to allow free admission to Corbit, who had owned since 1881 the building that defendant now owns, under apparently a permissive agreement. However, when plaintiff leased the building early in 1922, he denied free admission to Corbit, who apparently did not complain. The Beechlers finally received a deed to the building in 1926.

So, for the short period between late in 1919 to early in 1922, the use of the stairway may be regarded as permissive by vendees under a land contract, but there is no indication that permission was

felt to be needed previously, nor that use by the occupants of plaintiffs' building was not as a matter of right.

Plaintiffs did not acquire title until 1926, and the trial court found that they had not sustained the burden of carving out a definite 15-year period during which time a prescriptive right was built up. Although this may be true so that plaintiffs cannot claim title to the stairs and the property upon which they stand, it is not necessarily true that a sufficient 15-year period was not carved out to create an easement. If the original use before 1881 was· permissive only, we must hold, as we have heretofore, that when plaintiffs' property was conveyed to a new owner, in 1888, the license was revoked and the use was adverse. *Sallan Jewelry Co.* v. *Bird*, 240 Mich. 346; *Burkhart* v. *Zimmerman*, 239 Mich. 491; *First National Bank of Bay City* v. *Vanden Brooks*, 204 Mich. 164.

However, at the same time defendant has not been able to show a mere permissive use from 1881 to date. The original owners of plaintiffs' building subjected their building to the servitude of a party wall and a portion of their property. See *Weadock* v. *Champe*, 193 Mich. 553 (Ann. Cas. 1918 C, 874). The owner of the new building was given very valuable property rights, and as we said in *Wortman* v. *Stafford*, 217 Mich. 554, 559:

"This ancient transaction rests on oral evidence with no proof that the agreement was in writing. The facts surrounding it indicate an easement rather than a lease or license. A gross sum far beyond the value of the land itself was paid down, the strip was defined and set off by a fence, possession for the purposes of a right of way taken, and no annual rent was ever thereafter paid or claimed during the 40 succeeding years in which the elder Stafford and

his successors openly and peaceably used this lane as a right of way to the 40 acres in relation to which he had so secured right of access.

"In *Berkey & Gay Furniture Co.* v. *Valley City Milling Co.*, 194 Mich. 234, 242, it is said, with sustaining authorities:

" 'It has been held that the open, notorious, continuous and adverse use across the land of another from a residence or place of business to a public road for more than 20 years affords a conclusive presumption of a written grant of such way (*Clement* v. *Bettle*, 65 N. J. Law, 675 [48 Atl. 567]), and that when the passway has been used for something like a half century, it is unnecessary to show by positive testimony that the use was claimed as a matter of right, but that after such user the burden is on the plaintiff to show that the use was only permissive.' "

Thus the burden of proof is on the defendant here and he has failed to establish by any convincing testimony that the undisputed user running through all those years was permissive only as against the presumptions from the undisputed facts in the case. See, also, *Berkey & Gay Furniture Co.* v. *Valley City Milling Co.*, *supra*; *Outhwaite* v. *Foote*, 240 Mich. 327.

The decree of the trial court is reversed, and one may be entered in accordance with this opinion, with costs to appellant.

BOYLES, NORTH, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. WIEST, J., took no part in this decision.