ASHLEY v. WAITE

1. EQUITY—PERMISSIBLE RELIEF.
   A court sitting in a chancery action may grant any relief that is germane to the issues presented.

2. EQUITY—ADVERSE POSSESSION—PRESCRIPTIVE EASEMENT.
   Determination that the plaintiff was not entitled by adverse possession to the title of certain property adjacent to her own but that she had acquired a prescriptive easement to park on the disputed strip of land was proper where the relief granted the plaintiff, even though less than prayed for, was germane to the issues presented and was supported by the evidence. title.

3. EASEMENTS—PRESCRIPTIVE EASEMENT—PERMISSIVE USE.
   Use by permission can never ripen into use by right; a prescriptive easement could not be acquired where the use of the disputed land was originally granted to the plaintiff's predecessors in title by permission of the defendants' predecessors in

4. EASEMENTS — PERMISSIVE EASEMENT — REVOCATION OF PERMISSION — CONVEYANCE OF LAND.
   Permission to use another person's property is revoked when the person granting the permission conveys his property.

5. EASEMENTS—PRESCRIPTIVE EASEMENT—50-YEAR USE—PERMISSIVE USE—EVIDENCE—BURDEN OF PROOF.
   Continuous use of an easement for 50 years makes it unnecessary to show by positive testimony that the use is claimed as a matter of right; the burden is on the owner of the fee to show that the use is only permissive.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 27 Am Jur 2d, Equity §§ 102–117.
[2, 3] 3 Am Jur 2d, Adverse Possession § 103.
[4] 3 Am Jur 2d, Adverse Possession §§ 36, 37.
[5] 3 Am Jur 2d, Adverse Possession § 37

Appeal from Washtenaw, William F. Ager, Jr., J. Submitted Division 2 October 7, 1970, at Lansing. (Docket No. 8060.)   Decided May 18, 1971.

Complaint by Nancy Ashley against John Waite and Ruth Waite claiming title by adverse possession to land adjacent to her property and claiming a prescriptive easement over defendants' land. Judgment for plaintiff finding a prescriptive easement to park on the land. Defendants appeal. Affirmed.

*Conlin, Conlin, McKenney & Meader,* for plaintiff.

*Keyes, Creal & Hurbis,* for defendants.

Before: LEVIN, P. J., and T. M. BURNS, and J. E. HUGHES,* JJ.

T. M. BURNS, J.   Plaintiff instituted a suit claiming title by adverse possession to certain property adjacent to her property on Brookwood Place in the City of Ann Arbor. Plaintiff also sought an easement by prescription over a driveway which is on defendants' surveyed property.[1]

The court below found that an easement by prescription for ingress and egress did exist over the driveway and that although adverse possession had not been established, the plaintiff had an easement to park southwest of the defendants' garage. Defendants appeal, contending that the trial court erred by granting the plaintiff the right to park on the land southwest of the garage when plaintiff had sought such land on the theory of adverse possession.

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] See Map, p 424.

A court sitting in a chancery action may grant any relief that is germane to the issues presented.[2] In the case at bar the lower court determined that the plaintiff was not entitled to the fee, but that she had acquired the right to park on the strip of land. The relief granted, although less than the plaintiff had prayed for, was germane to the issues presented, was supported by the evidence and was, therefore, proper.

Plaintiff presented witnesses who testified that the land southwest of the defendants' garage had been used to get to a garage on the rear of plaintiff's property from 1917 to 1959, when the garage on plaintiff's property was blown down by a tornado. Other witnesses testified that the land southwest of the defendants' garage had been used by plaintiff from only 1959 to 1967, the date of trial.

Defendants contend that the use of the land was originally granted to plaintiff's predecessors in title by the permission of defendants' predecessors in title and, therefore, since the use was not adverse, a prescriptive easement could not be acquired. Although it is true that the use by permission can never ripen into a use by right, a conveyance of the land by the person granting the permission operates as a revocation of that permission. In *First National Bank of Bay City* v. *Vanden Brooks* (1918), 204 Mich 164, the Michigan Supreme Court stated, p 178:

"Conceding, as we do, the correctness of the position of the plaintiff as to the parol license and permissive use of the property in the first instance, we are constrained to hold that the deed of the premises by Warren in 1891 revoked the license and permissive use, and that the use of the defend-

---

[2] *Swan* v. *Ispas* (1949), 325 Mich 39, 45, 46.

ant  *  *  *  since that time has been of such a character as to give him a prescriptive right to the easement claimed."[3]

Plaintiff has been in possession of her property since 1944 and for 23 years prior to the time of the trial had used the land in dispute. All of defendants' predecessors in title who have been in possession of defendants' property since the year 1950 testified at the trial. All of these owners thought plaintiff had a right to use the land; and, therefore, none of them ever extended permission to use it.

Plaintiff has, therefore, been an adverse user of the land from at least 1950 until 1967, which is two years more than the statute requires. In addition, in Michigan, when an easement has been continuously used, as here, for 50 years, it is unnecessary to show by positive testimony that the use is claimed as a matter of right. Under such circumstances, the burden is on the owner of the fee to show that the use is only permissive.[4]

---

[3] See, also, *Maxwell* v. *Bay City Bridge Company* (1879), 41 Mich 453; *Burkhart* v. *Zimmerman* (1927), 239 Mich 491; *Sallan Jewelry Co.* v. *Bird* (1927), 240 Mich 346.

[4] *Beechler* v. *Byerly* (1942), 302 Mich 79; *Haab* v. *Moorman* (1952), 332 Mich 126.

"A" - Disputed Land

In the case at bar the defendants failed to enter any proofs whatever to establish that the use by plaintiff was only permissive. Defendants have, therefore, failed to carry their burden. We, therefore, hold that the trial court correctly entered judgment for the plaintiff.

Affirmed.

All concurred.