### WIDMAYER v LEONARD

Docket No. 72442. Argued January 10, 1985 (Calendar No. 23).—
Decided August 26, 1985.

Russell and Lucille Widmayer brought an action in the Washtenaw Circuit Court against Frank D. Leonard and Frances Leonard, seeking a judgment declaring that they had a prescriptive easement to cross the defendant's land to enter their landlocked property, a permanent injunction restraining the defendants from interfering with their use of the easement, and damages for the defendants' prior interference with their use of the easement. The defendants counterclaimed for damages for trespass by the plaintiffs, claiming that their use of a road on the defendants' land was permissive. The court, William F. Ager, Jr., J., declined to give the plaintiffs' requested instruction that their more than fifty years' use of the road in question established a conclusive presumption of a grant to use the road and also declined to instruct that the burden of proof shifted to the defendants to show permissive use. Rather, the court instructed that the plaintiffs had the burden of showing a prescriptive easement and that it was for the jury to decide whether the original use was permissive. The Court of Appeals, MacKenzie, P.J., and M. J. Kelly and Everett, JJ., reversed and remanded for a new trial in an unpublished opinion per curiam, holding that the trial court erred by declining to instruct the jury that the plaintiffs' evidence indicating fifty years' use of the road shifted the burden to the defendants to come forward with proof of permissive use (Docket No. 64040). The defendants appeal.

In a unanimous opinion by Justice Riley, the Supreme Court *held:*

The plaintiffs were not entitled to an instruction that by

---

References for Points in Headnotes

[1] Am Jur 2d, Easements and Licenses § 39 *et seq.*
Extent of, and permissible variations in, use of prescriptive easements of way. 5 ALR3d 439.
[2] Am Jur 2d, Evidence § 159 *et seq.*
Modern status of the rules against basing an inference upon an inference or a presumption upon a presumption. 5 ALR3d 100.

virtue of their family's use of the road in question for sixty-nine years a conclusive presumption arose that their right to use the road was obtained by grant from the defendants' predecessors in title and that the defendants had the burden of showing that the use of the road was permissive. The defendants presented sufficient testimony to rebut the presumption, satisfying their burden of going forward with the evidence and shifting the burden of going forward with evidence to establish a prescriptive easement to the plaintiffs.

1. The function of a civil presumption, such as the presumption asserted in this case, is solely to place the burden of producing evidence on the opposing party. It is a procedural device which allows the party relying on the presumption to avoid a directed verdict in favor of the opposing party and which permits the party with the burden to obtain a directed verdict if the opposing party fails to introduce evidence rebutting the presumption. Almost all presumptions are made up of permissible inferences. While the presumption may be overcome, the inference remains and may be sufficient to persuade the trier of fact in spite of rebutting evidence. It is always the inference and not the presumption that must be weighed against the rebutting evidence.

2. The problem in this case results from the imprecise use of the phrase "burden of proof." There are two aspects of the burden of proof—the burden of persuasion and the burden of going forward with the evidence. The latter burden may shift several times during the trial, whereas the burden of persuasion generally remains with the plaintiff. The burden of proving a prescriptive easement remained throughout trial with the plaintiffs. Once the plaintiffs presented evidence that they had used the disputed land for over fifty years, the burden of producing evidence shifted to the defendants to establish that the plaintiffs' use was permissive. Once the trial court decided that the defendants had sustained their burden of presenting sufficient evidence to overcome the claimed presumption, there remained only the underlying inferences for consideration by the jury. The jury's task was to weigh the evidence submitted by the parties regarding adverse and permissive use against the court's instructions regarding prescriptive easements. Even though the presumptions were overcome, permissible inferences which might have been sufficient to convince the trier of fact of the plaintiffs' assertions, even in the face of the rebutting evidence, remained. The verdict of the jury indicates that the inferences were not sufficient.

Reversed.

1. Easements — Prescriptive Easements — Presumption of Right — Jury Instructions.

  Plaintiffs in an action seeking a declaration of a prescriptive easement to use a road over the defendants' land were not entitled to an instruction that their use of the road for sixty-nine years established a conclusive presumption that their right to use the road was obtained by grant and that, by showing the tenure of their use, the burden of showing that the use was permissive shifted to the defendants, where the defendants presented sufficient evidence to rebut the presumption, thereby satisfying their burden of going forward with the evidence and shifting the burden of going forward with evidence to establish a prescriptive easement to the plaintiffs.

2. Evidence — Presumptions — Civil Actions — Rebuttal.

  The function of a civil presumption is solely to place the burden of producing evidence; it is a procedural device which allows the party with the burden of proof to avoid a directed verdict in favor of the opposing party and which permits the party with the burden to obtain a directed verdict if the opposing party fails to introduce evidence rebutting the presumption; almost all presumptions are made up of permissible inferences, and while the presumption may be overcome, the inference remains and may be sufficient to persuade the trier of fact in spite of rebutting evidence; it is always the inference and not the presumption that must be weighed against the rebutting evidence.

*Laird, Chin, Schwartz & Swartz* (by *John R. Laird*) for the plaintiffs.

*Burke, Rennell & Hood* (by *Robert J. Rennell*) for the defendants.

Riley, J. This case involves questions concerning civil presumptions.

I

Plaintiffs filed an action in the Washtenaw Circuit Court seeking a declaratory judgment, a permanent injunction, and damages for the defendants' interference with plaintiffs' use of a two-lane road to the plaintiffs' landlocked property.

The defendants counterclaimed for trespass.

The jury returned special verdicts rejecting both claims, finding that plaintiffs did not have a prescriptive easement over defendants' land and had not trespassed. The trial court entered judgment on the jury verdict. The Court of Appeals reversed and remanded for a new trial,[1] holding that the trial court erred in declining to instruct the jury that because plaintiffs introduced evidence of over fifty years' use of the road, the burden of proof shifted to defendants to show that the use was permissive.

We reverse the judgment of the Court of Appeals and reinstate the judgment of the trial court.

## II

Plaintiffs claim a prescriptive easement approximately three-fourths of a mile in length through the middle of defendants' farm for purposes of ingress and egress to a vacant, unimproved, uninhabited twenty-acre parcel of land. The two-track road in question runs diagonally across the defendants' farm acreage. There appears to be no record that the defendants and plaintiffs had common grantors and this road does not follow any boundary line. The plaintiffs are the most recent members of their family to own the landlocked twenty-acre parcel.

There is substantial record testimony indicating that the alleged right-of-way was a common and joint use of a series of farm roads over several farms, used for many purposes, in the early years.

There is testimony from a plaintiffs' witness that in those early years the use of the uncultivated portions of the uninhabited lands on either side of

---

[1] Unpublished opinion per curiam, decided August 8, 1983 (Docket No. 64040).

the road was not restricted. This testimony indicated use of a swimming hole and hunting privileges without restriction.

There is also substantial testimony that over the years the use of the acreage surrounding the two-lane road became more and more restricted and controlled. And there is testimony that the number of people who were permitted to use the road and surrounding land was gradually restricted and controlled without complaint.

There is testimony from a plaintiffs' witness that he sought to restrict the use of the land and the road and that he was successful. Additionally, there is testimony by one of the plaintiffs that would suggest that she knew that she could not use the road in question against the wishes of the property owner. This same plaintiff also testified that she had asked one of the defendants' predecessors in title for a written right-of-way, but none was offered into evidence. Further, this plaintiff introduced a letter written by defendants to plaintiffs which suggested that defendants regarded use of the lane as permissive.

Finally, there was testimony that defendants' predecessor in title had put up a gate with a combination lock at the entrance to the road. Defendants gave the combination to the lock to plaintiffs and the owners of an adjacent parcel.

In sum, the defendants claimed that the use of their road was permissive. Plaintiffs contended that it was open, continuous, and adverse.

Plaintiffs requested an instruction that a conclusive presumption of easement as of right arose where use of more than fifty years had been shown.[2] The trial court declined to give this instruction and also declined to instruct that the

---

[2] "When the way is used for more than a half century, in the absence of proof as to how the right began, it is conclusively pre-

burden of proof shifted to the defendants to show permissive use where the plaintiffs had shown use for more than fifty years.[3] Rather, the court instructed that the plaintiffs had the burden of showing a prescriptive easement. The trial judge further explained to the jury that it was for them to decide if the original use was permissive. He further noted that permissive use could change to adverse use and that only a fifteen-year period of adverse use was necessary to create an easement.[4]

sumed that it had its beginning in a grant rather than merely by permission.

"If you find that the way was used for more than 50 years, and you find that there was an absence of proof as to how the right began, then you must find that the Plaintiffs' right began by grant, and Plaintiffs have a legal right to use the lane."

[3] "When an easement has been continuously used for 50 years, it is unnecessary to show by positive testimony that the use is claimed as a matter of right. Under such circumstances, the burden is on the owner of the land to show the use is only permissive."

[4] "Now, plaintiffs have the burden of proof to show they have obtained a prescriptive right, a prescription over the land of defendants, over the path that they claim. You must determine whether plaintiffs have an easement by prescription over defendants' land and if so what portion of defendants' lands are so burdened.

"Now, an easement is a right-of-way over lands of another. With an easement the title of land remains with the person owning the land. The ownership of the land doesn't shift to the person claiming the easement. It does not destroy the possession by the owner of the land. The person is title [sic] to the easement has a right to use the land insofar as may be needed for its enjoyment as a lane.

"Now, as an easement one type of easement is by prescription and to establish an easement by prescription there must be first continued and uninterrupted use or enjoyment for these 15 years. Second, the identity of the thing enjoyed such as a farm lane or a right-of-way which can be shown or established, that must be shown or established. Third, a claim of right adverse to the owner of the land or the soil known to or acquiesced in by the person.

"Prescription, to obtain prescriptive rights the use must be actual, open, notorious, hostile, and adverse use, adverse to the title of the one against whom the prescription is claimed continuous and uninterrupted for 15 years. The user or use must be under a claim of right which the owner knows or should have known. It's up to the jury to determine if the original use was permissive use. If the original use was permissive use to transform a permissive use to the adverse use there must be a distinct and positive assertion of rights (possible) [sic] to the rights of the owner.

### III

In addressing the issues raised in defendants' appeal, we must revisit a case that changed the settled law in Michigan regarding civil presumptions. The overruling case was *In re Wood Estate,* 374 Mich 278; 132 NW2d 35 (1965).

The *Wood* case dealt, as does the instant case, with the evidentiary aspects of the law of presumptions. Factually, *Wood* dealt with the presumption of undue influence, but case law commentators appear to agree that its holding is applicable to the whole range of legal presumptions.

Prior to *Wood,* Michigan had adhered to the "Thayer"[5] bursting bubble theory of presumptions.[6] This theory held, in substance, that a presumption was a procedural device which regulates the burden of going forward with the evidence and is dissipated when substantial evidence is submitted by the opponents to the presumption.

"Now, when I say continuous and uninterrupted use the continuous uninterrupted use may be determined with reference to the type or character of the right claimed. Lack of use when not needed does not disprove a continuity of use. It's not required that a person use the easement every day for the prescriptive period. It simply means that the person shall exercise the right more or less frequently according to the nature of the use to which its enjoyment may be applied. If you find that the plaintiffs' use of the lane to get to and from plaintiffs' woodlot for the purpose of collecting wood was with such frequency as the nature of the use required then you can find that plaintiffs' use of the lane was continuous and uninterrupted.

"Now, the party claiming the right must show that he has acquired it by his own use independent of others. He cannot make his rights dependent on any degree upon a similar right of others. He must show that he has acquired it by his own use independent of others. As I say, the rule is that the use exercised by the plaintiff must be open, peaceable, continuous, and as of right."

[5] Thayer, *A Preliminary Treatise on Evidence at the Common Law,* pp 313, 336-337 (1898).

[6] See *In re Teller Estate,* 288 Mich 193; 284 NW 696 (1939), *overruled* 374 Mich 278; 132 NW2d 35 (1965); *In re Haskell Estate,* 283 Mich 513; 278 NW 668 (1938), *overruled* 374 Mich 278; 132 NW2d 35 (1965).

However, the *Wood* majority held that the jury must be instructed to apply the presumption unless it finds the facts establishing the presumption have been rebutted, and if rebutted, the presumption must be presented to the jury as a conditional mandatory inference.[7] If other consistent evidence is introduced to rebut the presumed fact itself, then the presumption merely becomes a permissible inference. This approach incorporates some of the elements of the "Morgan"[8] theory of presumptions. Under the Morgan theory, the burden of persuasion (proof) shifts to the party opposing the presumption when a presumption is established. That party must then produce evidence sufficient to convince the trier of fact that the nonexistence of the presumed fact is more probable than its existence. Under the Morgan view, presumptions are considered evidence which may be weighed as such by the trier of fact. Finally, the Morgan approach requires a jury instruction. With *Wood,* therefore, this Court moved away from a pure Thayer approach to a theory, regarding the use and function of presumptions, somewhere between Morgan and Thayer.

However, little more than a decade later, the competing theories were to be tested again.

In 1978, Michigan adopted MRE 301, the language of which parallels FRE 301, which was, in essence, an adoption of the Thayer theory regarding the use of civil presumptions. It should be noted here that the Federal Rules of Evidence were adopted after considerable debate between the Thayer proponents and the advocates of the

---

[7] *In re Wood Estate,* 374 Mich 278, 294; 132 NW2d 35 (1965).

[8] Morgan, *Instructing the jury upon presumptions and burden of proof,* 47 Harv L R 59, 77 (1933).

Morgan analysis.[9] The Thayer theory prevailed essentially because proper evaluation of presumptions poses such a difficult problem for juries that courts and commentators have, albeit in some cases reluctantly, embraced Thayer on the grounds that it is unnecessary for juries to engage in the speculative process of weighing presumptions against evidence. Under Thayer/MRE 301, the judge makes all determinations as to the existence, or nonexistence, of the presumption, and the judge need only charge the jury regarding the burden of proof and the effect of circumstantial evidence.[10]

Following the adoption of MRE 301 in 1978, the status of this area of law in Michigan has been confusing. In 1979, this Court's opinion in *Johnson v Secretary of State,* 406 Mich 420; 280 NW2d 9 (1979), employed language which appeared to indicate a return to the Thayer approach, consistent with MRE 301, but cited *Wood.* In 1982, *In re Benker Estate,* 416 Mich 681; 331 NW2d 193 (1982), cited *Wood* as controlling precedent, but it too seemed to adopt the Thayer theory.

Thus, to clarify this confusing area of the law, this Court takes the opportunity today to hold that insofar as *Wood* appears to hold that the trier of fact must be instructed as to the existence of the presumption and allowed to make the necessary

---

[9] See Michigan Court Rules Annotated, Evidence Rules (West, 1979), pp 88-89.

[10] It is important to acknowledge that while this theory has the advantage of simplicity and ease of application, it does not give weight to probability and social policy and thus is subject to this criticism. Some courts, therefore, have varied the formula, as did Michigan in *In re Wood Estate, supra,* by providing that not only must substantial evidence be introduced before the presumption vanished, but it must be evidence which the jury believes.

In actual practice this variant imposes on the judge the difficult task of framing complex instructions which may be difficult for the jury to understand.

inference (even in the face of rebutting evidence), it is no longer controlling precedent. We are persuaded that instructions should be phrased entirely in terms of underlying facts and burden of proof.[11] That is, if the jury finds a basic fact, they must also find the presumed fact unless persuaded by the evidence that its nonexistence is more probable than its existence.

We so hold because we are persuaded that the function of a presumption is solely to place the burden of producing evidence on the opposing party. It is a procedural device which allows a person relying on the presumption to avoid a directed verdict, and it permits that person a directed verdict if the opposing party fails to introduce evidence rebutting the presumption.

Almost all presumptions are made up of permissible inferences. Thus, while the presumption may be overcome by evidence introduced, the inference itself remains and may provide evidence sufficient to persuade the trier of fact even though the rebutting evidence is introduced. But always it is the inference and not the presumption that must be weighed against the rebutting evidence.

## IV

In the instant case, the plaintiffs and the Court

---

[11] The trial court might be aided by the examples of Thayer-type charges that appear at 1 Weinstein, Evidence, Commentary, ¶ 301[02], pp 301-34 to 301-35. There, the following instructions are proposed for a case where a presumption of negligence arises from proof that a bailed article was delivered in good condition but returned in damaged condition:

"(1) When insufficient evidence has been introduced to permit a reasonable juror to find no negligence by the bailer, the judge should instruct the jury: 'if you find from the evidence that it is more probable than not that the bailed article was delivered in good condition then you must find that the bailee was negligent.'

"(2) When the presumption has been rebutted the judge should instruct: 'If from all the evidence you find that it is more probable that the bailee was negligent, you will find that bailee was negligent, otherwise you will find that the bailee was not negligent.' "

of Appeals rely on *Haab v Moorman,* 332 Mich 126, 144; 50 NW2d 856 (1952), *Beechler v Byerly,* 302 Mich 79, 82-83; 4 NW2d 475 (1942), and *Berkey & Gay Furniture Co v Valley City Milling Co,* 194 Mich 234; 160 NW 648 (1916), all of which held that, when the alleged easement has been used for fifty years, it is not necessary for the party claiming the easement to establish that the use was adverse, but rather the burden is on the servient estate to establish that the use was only permissive.

The problem in the case at bar results from the imprecise use of the phrase "burden of proof." There are two aspects of the "burden of proof"— the "burden of persuasion" and the "burden of going forward with the evidence." The latter burden may shift several times during the trial, whereas the burden of persuasion generally remains with the plaintiff.[12]

The burden of proving a prescriptive easement remained throughout trial with plaintiffs. Once plaintiffs presented evidence that they had used the disputed land for over fifty years, the burden of producing evidence shifted to defendants to establish that plaintiffs' use was permissive. The trial court having decided that the defendants had sustained their burden of presenting sufficient evidence to overcome the claimed presumption, there remained only the underlying inferences for jury consideration. The jury's task was to weigh the evidence submitted by the parties regarding adverse and permissive use against the court's instructions regarding prescriptive easements. Again, even though the presumptions were overcome, permissible inferences remained. These in-

---

[12] Burdens of proof obviously may be assigned by the Legislature or by judicial decisions based upon special considerations. *Johnson, supra,* 432. We find that special considerations do not exist here.

ferences might have been sufficient to satisfy the trier of fact even in the face of the rebutting evidence. In this case, however, the jury verdict indicates that they were not.

Thus, we hold that the Court of Appeals erred so as to require reversal in declaring that:

> However, where use in excess of the 15-year period by many years is shown, the burden of *proof* shifts to defendants to show that the use was merely permissive [citations omitted, emphasis added]

and that

> [b]ecause here the evidence showed uninterrupted use of the alleged easement for 69 years, the trial court erred by declining to instruct the jury that the burden of *proof* was on defendants to show that the use was merely permissive.

Those statements were plainly erroneous because MRE 301 states unequivocally that the burden assigned to a party against whom a presumption is asserted is the "burden of going forward with the evidence" and not the "burden of proof."

The rule states:

> In all civil actions and proceedings not otherwise provided for by statute or by these rules, a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast.

In light of our disposition of these issues, it is

unnecessary to address defendants' remaining issue which was not raised below.

We vacate the order of the Court of Appeals and reinstate the judgment of the trial court.

Costs to appellants.

WILLIAMS, C.J., and LEVIN, RYAN, BRICKLEY, CAVANAGH, and BOYLE, JJ., concurred with RILEY, J.