## *In re* SWANTEK ESTATE

Docket No. 92104. Submitted December 1, 1987, at Detroit. Decided
July 7, 1988. Leave to appeal applied for.

The personal representative of the estate of Richard Swantek,
deceased, petitioned the Wayne County Probate Court to deter-
mine the ownership of money from decedent's individual bank
account and certificate of deposit which respondent, Gerald
Swantek, withdrew during the two weeks prior to decedent's
demise. The court directed a verdict for respondent, petitioner
appealed and the Court of Appeals, in an unpublished opinion
per curiam, decided April 25, 1985 (Docket No. 73355), re-
versed. From a jury verdict in favor of petitioner, respondent
appealed. From the court's denial of prepetition interest and
attorney fees, Anthony J. Szymanski, J., petitioner appealed.

The Court of Appeals *held:*

1. There was evidence sufficient to show a confidential rela-
tionship necessary to a showing of undue influence.

2. The evidence was sufficient to show fraud to support the
jury's verdict.

3. The jury's verdict was not against the great weight of the
evidence.

4. Respondent's failure to object to the jury instructions at
trial waived any error, absent manifest injustice, which the
Court of Appeals did not find.

5. The court did not err in denying petitioner prepetition
interest, but plaintiff should have imposed a constructive trust
on the funds and any income from them.

6. The court did not err in denying attorney fees.

REFERENCES

Am Jur 2d, Appeal and Error §§ 545 *et seq.*

Am Jur 2d, Damages §§ 611, 615.

Am Jur 2d, Duress and Undue Influence §§ 36-38.

Am Jur 2d, Fraud and Deceit §§ 12 *et seq.,* 177 *et seq.*

Am Jur 2d, Trusts §§ 221, 222.

Attorneys' fees or other expenses of litigation as element in mea-
suring exemplary or punitive damages. 30 ALR3d 1443.

See the Index to Annotations under Appeal and Error; Constructive
Trusts; Fraud and Deceit; Undue Influence.

Affirmed and remanded for imposition of a constructive trust.

1. PROPERTY — UNDUE INFLUENCE — TRANSFERS OF PROPERTY.

Proof that a deed was the product of undue influence must be established by a showing that the grantor was subjected to threats, misrepresentation, undue flattery, fraud, or physical or moral coercion sufficient to overpower volition, destroy free agency and impel the grantor to act against his inclination and free will; motive, opportunity, or even ability to control the grantor, in the absence of affirmative evidence that it was exercised, are not sufficient.

2. PROPERTY — UNDUE INFLUENCE — TRANSFERS OF PROPERTY — CONFIDENTIAL RELATIONSHIP.

A confidential relationship exists when a person enfeebled by poor health relies on another to conduct banking or other financial transactions.

3. FRAUD — ACTIONS.

An action for fraudulent misrepresentation requires proof that: (1) the defendant made a material misrepresentation; (2) it was false; (3) when the defendant made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) the defendant made it with the intention that it should be acted upon by the plaintiff; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff thereby suffered injury.

4. EQUITY — CONSTRUCTIVE TRUSTS.

Constructive trusts are creatures of equity and their imposition makes the holder of the legal title the trustee for the benefit of another who in good conscience is entitled to the beneficial interest; they are distinguished from express and resulting trusts in that they do not arise by virtue of agreement or intention, but by operation of law.

5. EQUITY — CONSTRUCTIVE TRUSTS — UNJUST ENRICHMENT.

A constructive trust is an appropriate remedy to impose to prevent unjust enrichment.

6. DAMAGES — ATTORNEY FEES.

Generally, attorney fees may not be awarded as damages unless authorized by statute or court rule.

7. APPEAL — STATEMENT OF POSITION.

A party's statement of position without supporting authority is insufficient to preserve a claim for appeal; it is not up to the

Court of Appeals to discover and then to rationalize the basis of a party's claims.

*Clarence M. Garel,* for petitioner.

*LeeRoy H. Temrowski,* for respondent.

Before: SULLIVAN, P.J., and CYNAR and R. J. TAYLOR,* JJ.

PER CURIAM. Respondent, Gerald Swantek, appeals as of right from a jury verdict finding that he used undue influence and fraud to transfer monies from the account of decedent, Richard Swantek, into a joint account of respondent and decedent. We affirm the jury's verdict.

Petitioner, the personal representative of the estate of Richard Swantek, appeals as of right from the trial judge's denial of petitioner's motion for prepetition interest and motion for exemplary damages in the amount of petitioner's attorney fees. We affirm the trial court's denial of these motions but remand the case for imposition of a constructive trust on the monies respondent removed from decedent's bank accounts.

The personal representative filed a petition for determination of ownership of monies from decedent's individual bank account and the time deposit certificate which respondent withdrew during the two weeks before decedent's death. Decedent's individual bank account totaled $44,616.42, and he owned time deposit certificates amounting to $31,937.73. The trial court granted a directed verdict for respondent, and petitioner appealed. This Court reversed in *In re Swantek Estate,* unpublished opinion per curiam of the Court of Appeals, decided April 25, 1985 (Docket No. 73355). A jury

* Circuit judge, sitting on the Court of Appeals by assignment.

trial was held, and respondent and petitioner appeal as of right.

Respondent, Gerald Swantek, was decedent, Richard Swantek's, nephew. They jointly owned the house in which they lived, and also jointly owned a rental property. Each had a personal bank account and before decedent became ill, decedent did his own banking. Decedent and Gerald had a joint bank account for the proceeds from their rental property. At trial, Gerald admitted that he had talked to decedent about making a will, but that decedent had refused. Decedent's brother testified that Gerald wanted the will to be in his favor. Decedent's brothers and sisters testified that respondent and decedent were not emotionally close and that decedent resented Gerald for not paying his own expenses. Gerald testified that they were the best of friends.

Decedent became ill and entered the hospital on July 25, 1980. After undergoing exploratory surgery on August 1, 1980, decedent was diagnosed as having metastatic carcinoma. Decedent's brothers and sisters and decedent's doctor testified that, after his exploratory surgery, decedent was weak and unable to manage his own affairs. Decedent never left the hospital before his death on August 24, 1980.

Before entering the hospital, decedent endorsed three paychecks from Chrysler Corporation to his individual bank account and gave them to Gerald to deposit for him. Gerald admitted that he changed the account numbers on the checks and deposited them into their joint account.

While in the hospital, Gerald took his attorney to see decedent, who refused again to make a will. On August 11, 1980, thirteen days before decedent's death, Gerald got his uncle to sign a change of ownership form for the time certificate of de-

posit and a bank withdrawal slip for his savings account. Gerald admitted that the bank employee who witnessed decedent's signature on the change of ownership form did not see decedent sign the form. With those documents, Gerald withdrew all of the funds in decedent's individual savings account and deposited them in a new joint account bearing Gerald's and decedent's names. When the time certificate matured on August 21, 1980, three days before decedent's death, Gerald redeemed the certificate and deposited it in the new joint savings account. A short time later, Gerald withdrew all of the funds in the new joint account and placed them in an account owned solely by himself. None of decedent's five surviving brothers and sisters knew about these transactions at the time.

Petitioner claimed, and the jury found, that the transfers of the decedent's bank account and time certificate of deposit into a joint account in the name of respondent and decedent were the product of undue influence.

> To establish undue influence it must be shown that the grantor was subjected to threats, misrepresentation, undue flattery, fraud, or physical or moral coercion sufficient to overpower volition, destroy free agency and impel the grantor to act against his inclination and free will. Motive, opportunity, or even ability to control, in the absence of affirmative evidence that it was exercised, are not sufficient. [*Kar v Hogan,* 399 Mich 529, 537; 251 NW2d 77 (1976).]

Respondent claims on appeal that there was insufficient evidence of undue influence because there was no evidence of a confidential or fiduciary relationship between respondent and decedent. We disagree.

The existence of a confidential relationship is a

question of fact. *Taylor v Klahm,* 40 Mich App 255, 264; 198 NW2d 715 (1972). A confidential relationship exists when a person enfeebled by poor health relies on another to conduct banking or other financial transactions. *Van't Hof v Jemison,* 291 Mich 385, 393-394; 289 NW2d 186 (1939); *First National Bank & Trust Co of Marquette v Albert,* 66 Mich App 252, 261; 238 NW2d 827 (1975).

The evidence clearly showed that decedent was ill when he entered the hospital and became very weak before he died. Just before he entered the hospital, decedent entrusted respondent with checks and asked that they be deposited into decedent's individual account. Respondent deposited the checks in their joint account instead. From this evidence, the jury could properly infer that a confidential relationship existed between decedent and respondent. *Van't Hof, supra; Marquette, supra.*

There was ample evidence from which the jury could find that respondent obtained ownership of decedent's bank account and decedent's time certificate of deposit by undue influence. The evidence showed that decedent wished to keep a separate individual account and that in the last two weeks of his life he was very weak. Decedent repeatedly refused to make a will in respondent's favor. The jury could infer from the evidence that respondent obtained decedent's signature on the withdrawal slip and the change of ownership form through some misrepresentation or coercion. The finding of undue influence is affirmed. See *Kar, supra; In re Conant Estate,* 130 Mich App 493, 497; 343 NW2d 593 (1983).

Respondent next claims that there was insufficient evidence of fraud to support the jury's verdict. We disagree. Claims for fraudulent misrepre-

sentation require a showing that (1) the respondent made a material representation, (2) it was false, (3) the respondent knew it was false when made, or made it recklessly, without knowledge of its truth and as a positive assertion, (4) it was made with the intention to induce reliance by the decedent, (5) the decedent acted in reliance upon it, and (6) the decedent thereby suffered injury. *Temborius v Slatkin,* 157 Mich App 587, 597; 403 NW2d 821 (1986).

Respondent admitted disobeying decedent's instructions about depositing the Chrysler payroll checks. The jury could infer from this evidence that respondent misrepresented to decedent that he would follow decedent's wishes about his banking affairs. From the evidence, the jury could also infer that respondent misrepresented his intentions or the nature of the documents when respondent obtained decedent's signature on the withdrawal slip and the change of ownership form.

Third, respondent claims that the trial court erred in denying respondent's motion for judgment notwithstanding the verdict because the jury's verdict was against the great weight of the evidence. MCR 2.610, 2.611. A court should grant a judgment notwithstanding the verdict only where there is insufficient evidence, as a matter of law, to make an issue for the jury. *Murphy v Muskegon Co,* 162 Mich App 609, 616; 413 NW2d 73 (1987). We hold that the jury's verdict was not against the great weight of the evidence, and that the trial court did not err in denying respondent's motion.

Fourth, respondent claims that the jury instructions on the presumption of undue influence were improper and require reversal. We disagree. Respondent stated at trial that he was satisfied with the instructions as given. Failure to object to instructions at trial waives any error, unless fail-

ure to review the claim would result in manifest injustice. *Green v Evans,* 156 Mich App 145, 158; 401 NW2d 250 (1985).

The trial court instructed the jury based on *In re Wood Estate,* 374 Mich 278; 132 NW2d 35 (1965). The Supreme Court modified the holding in *Wood Estate* in *Widmayer v Leonard,* 422 Mich 280; 373 NW2d 538 (1985). In *Widmayer,* the Supreme Court held:

> [I]nsofar as *Wood* appears to hold that the trier of fact must be instructed as to the existence of the presumption and allowed to make the necessary inference (even in the face of rebutting evidence), it is no longer controlling precedent. We are persuaded that instructions should be phrased entirely in terms of underlying facts and burden of proof. That is, if the jury finds a basic fact, they must also find the presumed fact unless persuaded by the evidence that its nonexistence is more probable than its existence. [*Widmayer, supra,* pp 288-289.]

We are persuaded that the court's instructions in this case did not deny respondent a fair trial. The trial court here did not instruct the jury that a mandatory presumption of undue influence arose from evidence of the existence of a confidential relationship. The trial court told the jury that, if it found that a confidential relationship existed, then it "might" presume undue influence. The trial court then instructed the jury that it must also consider the evidence tending to show that respondent did not unduly influence the decedent. These instructions were not inconsistent with *Widmayer,* and we find no error.

Petitioner raises two claims on appeal. First, petitioner claims that the trial court erred by denying petitioner prepetition interest on the

money fraudulently withheld from the estate. We affirm the trial court's denial of prepetition interest because there is no statutory authority for such an award. We remand the case, however, to the trial court for imposition of a constructive trust. MCR 7.216(A)(7).

Constructive trust is an equitable remedy which the court may impose where the facts justify it. It is not necessary that petitioner seek that relief. See Bogert, Trusts & Trustees (2d ed), Constructive Trusts, § 472, pp 33-35

> Constructive trusts are creatures of equity and their imposition makes the holder of the legal title the trustee for the benefit of another who in good conscience is entitled to the beneficial interest. They are distinguished from express and resulting trusts in that they do not arise by virtue of agreement or intention, but by operation of law. [*Arndt v Vos,* 83 Mich App 484, 487; 268 NW2d 693 (1978).]

See also *Kent v Klein,* 352 Mich 652; 91 NW2d 11 (1958); *Grasman v Jelsema,* 70 Mich App 745, 752; 246 NW2d 322 (1976); *Cerling v Hedstrom,* 51 Mich App 338, 343-344; 214 NW2d 904 (1974); *Chapman v Chapman,* 31 Mich App 576, 579-580; 188 NW2d 21 (1971).

Constructive trust is the appropriate remedy to prevent unjust enrichment of respondent in this case. *Irvin v Irvin,* 93 Mich App 770, 773; 286 NW2d 920 (1979); *Grasman, supra,* p 752. In this case, respondent shall be deemed to have been holding the monies from the bank account and the time certificate of deposit in trust for decedent and his estate from the time respondent withdrew those funds from decedent's individual account and changed the title of ownership. Under a constructive trust, equity can follow the assets upon

which the trust is based into whatever form they may be converted. *Robair v Dahl,* 80 Mich App 458, 461-462; 264 NW2d 27 (1978). The estate is entitled to any interest earned on the money after respondent withdrew the funds from the time deposit and decedent's individual bank account.

Petitioner's second claim is that the trial court erred in denying his motions for an award of exemplary damages in the amount of petitioner's attorney fees. Generally, attorney fees may not be awarded as damages unless authorized by statute or court rule. *Baumgardner v Balmer,* 157 Mich App 159, 160; 403 NW2d 525 (1987). Petitioner has not cited any authority for awarding exemplary damages in this case. A statement of position without supporting authority is insufficient to preserve a claim for appeal because it is not up to this Court to discover and then to rationalize the basis of a party's claim. *People v U S Currency,* 158 Mich App 126, 130; 404 NW2d 634 (1986). We affirm the trial court's denial of petitioner's motion for attorney fees in this case.

The jury's verdict is affirmed. The trial court's denial of petitioner's motions is also affirmed. We remand for imposition of a constructive trust on the monies respondent removed from decedent's bank accounts.