# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 25, 2012

143307

_____

In re Estate of ARNOLD E. MORTIMORE,
Deceased.

_____

RENEE HANNEMAN and DEAN
MORTIMORE,
        Appellees,

v

HELEN M. FISER,
        Appellant.

_____/

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

SC: 143307
COA: 297280
Shiawassee CC: 09-034102-DA

On order of the Court, leave to appeal having been granted and the briefs and oral arguments of the parties having been considered by the Court, we VACATE our order of October 26, 2011. The application for leave to appeal the May 17, 2011 judgment of the Court of Appeals is DENIED, because we are no longer persuaded that the question presented should be reviewed by this Court.

YOUNG, C.J. (*dissenting*).

We granted leave to appeal in this case to address the quantum of proof necessary to rebut a presumption of undue influence in a will contest. The majority today vacates that order granting leave to appeal, thereby leaving in place a decision of the Court of Appeals that erroneously concluded that there was a "mandatory presumption" of undue influence and that the proponent of the will bore the burden of overcoming it. Because this is not, and has never been, the law of this state, I dissent.

I would reverse the Court of Appeals and clarify that the proponent of a will does not have to prove the absence of undue influence by a preponderance of the evidence in order to rebut a presumption of undue influence. Instead, consistently with well-established law providing that the burden of proof always remains with the *contestant* of

a will,[1] the proponent need only introduce substantial evidence sufficient to create a question of fact regarding undue influence, at which point the trier of fact weighs the totality of the evidence and all permissible inferences therefrom to determine whether the will was a product of undue influence. It is inconsistent and illogical to conclude that the burden of proof rests with the *contestant* of a will, but then require the *proponent* of a will to rebut a presumption of undue influence by a preponderance of the evidence— which is the precise standard that satisfies a party's ultimate burden of proof in a civil case.

## I. BACKGROUND

The doctrine of undue influence exists in the law of donative transfers as a tool to protect susceptible individuals from improper influences that unduly alter a donor's true intent. A donative transfer is procured by undue influence if the wrongdoer exerted such influence over the donor to overcome the donor's free will and cause the donor to make a transfer that the donor otherwise would not have made. To establish undue influence, "it must be shown that the grantor was subjected to threats, misrepresentation, undue flattery, fraud, or physical or moral coercion sufficient to overpower volition, destroy free agency and impel the grantor to act against his inclination and free will."[2] However, not all influence is undue, as this Court has explained:

> "[I]nfluences to induce testamentary disposition may be specific and direct without becoming undue as it is not improper to advise, persuade, solicit, importune, entreat, implore, move hopes, fears, or prejudices or to make appeals to vanity, pride, sense of justice, obligations of duty, ties of friendship, affection, or kindred, sentiment of gratitude or to pity for distress and destitution, although such will would not have been made but for such influence, *so long as the testator's choice is his own and not that of another*[.]"[3]

Our caselaw provides that the burden of proof for establishing undue influence is borne by the contestant of a will,[4] and that burden does *not* shift, but remains with the contestant throughout the entirety of the proceedings.[5] This standard is in accord with

---

[1] See MCL 700.3407(c); *In re Cooch Estate*, 367 Mich 445, 451 (1962).

[2] *Kar v Hogan*, 399 Mich 529, 537 (1976); see also *Nelson v Wiggins*, 172 Mich 191, 199-200 (1912).

[3] *In re Spillette Estate*, 352 Mich 12, 18 (1958), quoting *In re Jennings' Estate*, 335 Mich 241, 247-248 (1952) (emphasis added).

[4] *Cooch Estate*, 367 Mich at 451.

[5] See, e.g. *Kar*, 399 Mich at 538-539 ("The ultimate burden of proof in undue influence cases does not shift; it remains with the plaintiff throughout the entire trial. . . . A

MCL 700.3407(1), which provides the burdens of proof applicable in contested estate cases:

> All of the following apply in a contested case:

> \* \* \*

> (c) A contestant of a will has the burden of establishing lack of testamentary intent or capacity, undue influence, fraud, duress, mistake, or revocation.

> (d) A party has the ultimate burden of persuasion as to a matter with respect to which the party has the initial burden of proof.

Ordinarily, undue influence "is not to be presumed, but must be proved by the person seeking to have the will declared invalid."[6] However, Michigan law recognizes an initial *presumption* of undue influence applicable in situations in which the testator has a confidential or fiduciary relationship with a person who receives a benefit under the testator's will.[7] The presumption of undue influence is created upon the introduction of evidence that would establish "(1) the existence of a confidential or fiduciary relationship between the grantor and a fiduciary, (2) the fiduciary or an interest which he represents benefits from a transaction, and (3) the fiduciary had an opportunity to influence the grantor's decision in that transaction."[8]

MRE 301 governs presumptions in civil actions; it provides:

> In all civil actions and proceedings not otherwise provided for by statute or by these rules, a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast.

---

plaintiff has the burden of proof (risk of nonpersuasion) for all elements necessary to establish the case. This burden never shifts during trial. Therefor, plaintiffs, who alleged the existence of undue influence, bore the ultimate burden of persuading the trier of fact that undue influence was used to procure the deed.").

[6] *In re Anderson Estate*, 353 Mich 169, 172 (1958); see also *In re Reed's Estate*, 273 Mich 334, 344 (1935) ("Undue influence cannot be presumed, but must be proved and in connection with the will and not with other things.").

[7] *Pritchard v Hutton*, 187 Mich 346, 358-359 (1915).

[8] *Kar*, 399 Mich at 537.

Thus, once a presumption is created, that presumption is a "procedural device which regulates the *burden of going forward* with the evidence and is dissipated when substantial evidence is submitted by the opponents to the presumption."[9] In the case of a contested will, the presumption establishes a prima facie challenge to the will—thereby protecting the challenge from dismissal—and requires the proponents of the will to submit substantial evidence in rebuttal. However, as MRE 301 carefully notes, presumptions do not shift the ultimate burden of persuasion.

If the will's proponent fails to produce sufficient rebuttal evidence, then the presumption remains intact and establishes a *mandatory inference* of undue influence that should be weighed by the fact-finder with the evidence generally to determine whether undue influence in fact exists in the case. However, if rebutted, the presumption is eliminated and the fact-finder must assess all the evidence to determine whether undue influence has been proved by the will's contestant.[10] Because undue influence must not be presumed, this Court has explained:

> "It is now quite generally held by the courts that a rebuttable or *prima facie* presumption has no weight as evidence. It serves to establish a *prima facie* case, but if challenged by rebutting evidence, the presumption cannot be weighed against the evidence. Supporting evidence must be introduced, and it then becomes a question of weighing the actual evidence introduced, without giving any evidential force to the presumption itself."[11]

Ultimately, whether the testator's free will was overcome is still the crucial question for the determination of undue influence, and that fact must be proved to, and resolved by, the finder of fact.

## II. ANALYSIS AND APPLICATION

Applying these principles, I believe that the Court of Appeals erred in its analysis and conclusions. The Court of Appeals held that, once established, there was a "mandatory presumption" of undue influence that the *proponent* of the will bore the burden of overcoming.[12] The Court reasoned that because the probate court, sitting as

---

[9] *Widmayer v Leonard*, 422 Mich 280, 286 (1985) (emphasis added).

[10] See *id.* at 289.

[11] *In re Cotcher's Estate*, 274 Mich 154, 159 (1936), quoting *Gillett v Mich United Traction Co*, 205 Mich 410, 414 (1919).

[12] *In re Mortimore Estate*, unpublished opinion per curiam of the Court of Appeals, issued May 17, 2011 (Docket No. 297280), p 1. First and foremost, Michigan law has

fact-finder, found that the evidence for and against undue influence was essentially evenly split, the will's *proponent* had not met *her* burden to disprove the presumption of undue influence.

By instituting a "mandatory presumption" of undue influence, the Court of Appeals, *in effect*, shifted the ultimate burden of persuasion to Helen Fisher—the *proponent* of the will. It is erroneous and illogical to state that the burden of proof always remains with the *contestant* of a will, but then require the *proponent* of a will to rebut a presumption of undue influence by a preponderance of the evidence. *The preponderance standard is the very same level of evidence that satisfies the ultimate burden of proof in a civil case.* I therefore cannot agree with the statement in *Kar*, upon which the Court of Appeals primarily relied for its ultimate conclusion, that

> [i]f the trier of fact finds the evidence by the defendant as rebuttal to be equally opposed by the presumption, then the defendant has failed to discharge his duty of producing sufficient rebuttal evidence and the "mandatory inference" remains unscathed. This does not mean that the ultimate burden of proof has shifted from plaintiff to defendant, but rather that plaintiff may satisfy the burden of persuasion with the use of the presumption, which remains as substantive evidence, *and that the plaintiff will always satisfy the burden of persuasion when the defendant fails to offer sufficient rebuttal evidence.*[13]

Key to the analysis of this issue is that the burden of proof of undue influence *always* rests on the *contestant* of the will. Because *Kar* states that the *proponent* of the will must *disprove* the claim of undue influence by a preponderance of the evidence at the rebuttal stage, how can it be said that this scheme has not shifted the burden of persuasion onto the proponent? Although *Kar* disclaimed this conclusion—stating that "[t]his does not mean that the ultimate burden of proof has shifted from plaintiff to defendant"—I am unable to read *Kar* in any other way. This is particularly true where, as *Kar* provides, the failure to rebut the presumption means that the contestant receives a mandatory inference of undue influence that will *"always satisfy"* the burden of persuasion.

never recognized a "mandatory *presumption*" of undue influence. As discussed earlier, when sufficient rebuttal evidence does not exist, at most the presumption of undue influence becomes only a "mandatory *inference*" to be weighed with the other evidence by the fact-finder. The use by the Court of Appeals of this unprecedented phrase only serves to confuse further this complex area of the law.

[13] *Kar*, 399 Mich at 542 (emphasis added); see *Mortimore Estate*, unpub op at 6 ("The trial court's statements recognize that [defendant] presented evidence to rebut the presumption of undue influence but when weighed against opposing evidence in favor of the presumption, the trial court essentially found the evidence equally convincing. As such, [defendant] did not overcome her duty to rebut the presumption.").

I believe that requiring evidence that equals the ultimate burden of proof at the initial rebuttal stage sets too high of a bar for rebutting the presumption. To the extent that *Kar* implies that a will's proponent must rebut a presumption of undue influence by a preponderance of the evidence, yet holds that this does not shift the ultimate burden of persuasion, *Kar* is internally inconsistent and should be clarified. Moreover, *Kar* was decided before the enactment of MRE 301 and MCL 700.3407,[14] and its statements regarding the quantum of proof necessary to rebut a presumption of undue influence are inherently inconsistent with MRE 301 and MCL 700.3407, as well as caselaw of this Court. At the very least, this Court ought to address the problem created by *Kar* because, as this case illustrates, *Kar* is distorting the burden of proof in this important area of the law.

Instead, consistently with our caselaw, I would hold that where a presumption of undue influence arises, a will's proponent need only come forth with "substantial evidence" in rebuttal.[15] Ultimately, this standard requires that *a proponent of the will come forward with some objective evidence supporting the position that no undue influence existed, but does not require that the proponent "prove" by a preponderance that no undue influence existed.*

As even the proponent Helen Fisher concedes, I agree that this was an appropriate case giving rise to the presumption of undue influence. However, I would hold that Fisher offered sufficient evidence to rebut the presumption, thereby creating only a permissible inference to be weighed with the evidence generally by the finder of fact. Given that the probate court in this case found that the evidence was relatively evenly split on the question of undue influence, I am perplexed how the Court of Appeals and a majority of this Court could conclude that Fisher did not present sufficient evidence in rebuttal to eliminate the initial presumption of undue influence.

The trial judge, an experienced probate judge sitting as fact-finder in this case, was well positioned to weigh all the evidence and understand the complexities presented in this case. The probate court was certainly aware of the unusual facts and circumstances that surrounded the creation of this will. Yet, the court admitted that it was perplexed

---

[14] *Kar* was decided by this Court on December 31, 1976; MRE 301 became effective on March 1, 1978, while MCL 700.3407 became effective on April 1, 2000.

[15] See *Widmayer*, 422 Mich at 286 (providing that a presumption "is dissipated when substantial evidence is submitted by the opponents to the presumption").

by this case, finding it to be an extraordinarily rare case in which the testimony by witnesses was totally partisan and contradictory. The probate court noted that there was very little overlap and that the evidence was essentially evenly split. Ultimately, the probate court concluded clearly and unequivocally that "*there* [*are*] *not sufficient grounds to find undue influence under any of the conditions and standard*[*s*] *of the case law*" and that petitioners "did not prove undue influence." I would not upset this conclusion on the basis of an erroneous theory requiring the will's proponent to demonstrate, by a preponderance of the evidence, the *nonexistence* of undue influence.

Accordingly, I would reverse the judgment of the Court of Appeals and reinstate the trial court's findings and conclusions of law. For all these reasons, I respectfully dissent from this Court's decision to deny leave to appeal, which thereby deprives us of the opportunity to provide much needed clarity in the law governing the presumption of undue influence.

MARKMAN and MARY BETH KELLY, JJ., join the statement of YOUNG, C.J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 25, 2012

*Corbin R. Davis*

Clerk

t0522